## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

ARI BARUCH TEMAN,
　　*Plaintiff,*

—against—

MEDPRO GROUP INC.; ATTORNEY PROTECTIVE; SCOTT PATRICK; LEWIS BRISBOIS BISGAARD & SMITH LLP; CRISTINA YANNUCCI; SAM COHEN; ZELDES NEEDLE COOPER LLP; ROBERT S. COOPER; MAXIMINO MEDINA; JEREMY VIRGIL; DANAHER LAGNESE, P.C.; SILVER HILL HOSPITAL, INC.,
　　*Defendants.*

**Civil Action No. 1:26-cv-03517**

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION COMPELLING PRODUCTION OF PLAINTIFF'S CLIENT FILE

## TABLE OF CONTENTS

PRELIMINARY STATEMENT

FACTUAL BACKGROUND

  A.  ZNC's Representation of Plaintiff and Termination of the Relationship

  B.  This Court's Prior Ruling on the Merits

  C.  Defendants' Continued Withholding After the Court's Ruling

ARGUMENT

  I.  Legal Standard

  II.  Plaintiff Is Likely To Succeed on the Merits Because This Court Has Already Recognized His Presumptive File Rights

  III.  Plaintiff Will Suffer Irreparable Harm Absent Injunctive Relief

IV.  The Balance of Hardships Tilts Decisively in Plaintiff's Favor

V.  The Public Interest Supports Relief

VI.  No Bond or Only Nominal Security Should Be Required Under Rule 65(c)

VII.  The Scope of Relief Sought

CONCLUSION

## TABLE OF AUTHORITIES

**Cases**

*Burke v. Consolidated Edison Co. of N.Y., Inc.*, 2026 WL 733877 (S.D.N.Y. Mar. 16, 2026)

*Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156 (2d Cir. 2004)

*Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975 (2d Cir. 1996)

*Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154 (2d Cir. 2011)

*Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 689 N.E.2d 879 (N.Y. 1997)

*Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010)

*Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63 (2d Cir. 1999)

*Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27 (2d Cir. 1995)

*Walker v. City of New York*, 2024 WL 2022296 (E.D.N.Y. May 6, 2024)

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)

**Rules and Statutes**

Federal Rule of Civil Procedure 65

Federal Rule of Civil Procedure 65(c)

New York Rule of Professional Conduct 1.16(d)

## PRELIMINARY STATEMENT

Plaintiff Ari Baruch Teman respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 65 and this Court's equitable powers, for a preliminary injunction requiring Defendants Zeldes Needle Cooper LLP ("ZNC") and Jeremy Virgil to produce Plaintiff's complete client file across all matters in which they represented him, subject only to the narrow exceptions recognized under New York law.

This motion rests on an unusually firm foundation. This Court has already considered and ruled upon the underlying merits question: Plaintiff has a *"presumptive"* right to "full access, with narrow exceptions, to the entire attorney's file in a represented matter, upon termination of the attorney-client relationship." *Teman v. Zeldes Needle Cooper LLP*, No. 24-cv-9830, Dkt. No. 70 at 4 (S.D.N.Y. Apr. 21, 2026) (the "Related Action Order"). The Court denied relief in the Related Action solely because of a discovery stay then in place — a stay that has since been lifted. The Court noted that a client who seeks the file upon denial may commence a separate proceeding to recover it. Plaintiff thereafter commenced this action seeking recovery of the file and related relief.

Defendants have continued to withhold the file notwithstanding the Court's ruling. Each day of continued withholding imposes concrete prejudice on Plaintiff's ability to assess, pursue, and litigate his claims across multiple matters. This Court is not being asked to decide the issue on

a blank slate. It has already recognized Plaintiff's presumptive entitlement to the file under New York law. It is now being asked to give effect to that recognition.

## FACTUAL BACKGROUND

### A.  ZNC's Representation of Plaintiff and Termination of the Relationship

ZNC represented Plaintiff in four distinct matters: (1) *Teman v. Braverman/PATH,* a medical malpractice action in New York Supreme Court (Index No. 805410/2014); (2) *Silver Hill Hospital, Inc. v. Teman*; (3) *Buch v. Teman*; and (4) *United States v. Teman,* a federal criminal matter. Plaintiff is presumptively entitled to the client file for each of those matters, subject only to the narrow exceptions recognized under New York law.

Upon termination of the attorney-client relationship, Plaintiff made repeated written requests for return of his complete client file across all four matters. Those requests were not honored. ZNC and its counsel have continued to withhold the file, have conditioned production on advance identification of specific documents by Plaintiff, and have asserted a right to charge Plaintiff for access to electronically maintained materials already in the firm's possession.

### B.  This Court's Prior Ruling on the Merits

On April 21, 2026, this Court issued the Related Action Order addressing Plaintiff's motion to compel production of his client file in the Related Action. The Court ruled squarely on the merits question:

> *"[A] client presumptively has full access, with narrow exceptions, to the entire attorney's*
>
> *file in a represented matter, upon termination of the attorney-client relationship." (citing*

*Burke v. Consolidated Edison Co. of N.Y., Inc.*, 2026 WL 733877, at *1 (S.D.N.Y. Mar. 16, 2026)).

The Court denied the motion to compel on a single procedural ground: a discovery stay was then in place in the Related Action. The Court did not hold that Plaintiff lacked a right to his file. It held that it could not compel production during the stay, and directed Plaintiff to a separate proceeding as the appropriate vehicle. That stay has since been lifted by the same Order. Dkt. No. 70 at 4.

This Court's prior ruling strongly supports Plaintiff's likelihood of success on the merits. The Court has already recognized that Plaintiff has a presumptive right to his file. That recognition is highly probative of the merits here.

## C.  Defendants' Continued Withholding After the Court's Ruling

Notwithstanding the Related Action Order, Defendants have continued to withhold the file. On April 23, 2026 — two days after this Court's ruling — defense counsel Cristina Yannucci wrote to Plaintiff on behalf of ZNC and Virgil, imposing conditions on production including requiring Plaintiff to identify specific files and asserting a right to charge for production of electronically maintained materials. Plaintiff disputes that any such conditions are consistent with his rights as a former client or with this Court's ruling.

As of the date of this motion, the complete client file has not been produced. Each day the file remains withheld, Plaintiff's ability to assess his claims, prepare his litigation strategy, and pursue available remedies is further compromised.

## ARGUMENT

### I.  Legal Standard

A preliminary injunction is appropriate upon a showing of: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent injunctive relief; (3) that the balance of hardships tips in the movant's favor; and (4) that the public interest would not be disserved by the relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010).

Where the moving party seeks a mandatory injunction — one that commands affirmative action rather than merely preserving the status quo — courts in this Circuit apply a heightened standard requiring the movant to show a "clear" or "substantial" likelihood of success on the merits. *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). As set forth below, all four factors are satisfied here, and the likelihood-of-success factor is strongly supported by this Court's prior recognition of Plaintiff's presumptive file rights in the Related Action.

### II.  Plaintiff Is Likely To Succeed on the Merits Because This Court Has Already Ruled That He Has a Presumptive Right to His File

The likelihood-of-success analysis is substantially informed by this Court's April 21, 2026 ruling. The Court has already recognized — on the precise question at issue here — that Plaintiff "presumptively has full access, with narrow exceptions, to the entire attorney's file in a represented matter, upon termination of the attorney-client relationship." Related Action Order at 4.

That ruling is grounded in well-established New York law. *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 689 N.E.2d 879, 881 (N.Y. 1997), establishes that a former client is entitled to the return of its file, subject only to narrow exceptions not applicable here. The Court of Appeals held that a law firm must deliver a client's papers and property upon termination of the

representation. *Id.* New York Rule of Professional Conduct 1.16(d) independently requires prompt delivery of the client's papers and property upon termination.

This Court's ruling covered all matters in which ZNC represented Plaintiff. Plaintiff moved to compel "for all matters in which Defendants represented him." Related Action Order at 3. The Court's ruling on his presumptive right to access was not limited to a single matter. The conditions Defendants have imposed — requiring advance identification of files and charging for electronic production — are not among the narrow exceptions recognized by *Sage Realty* or Rule 1.16(d).

This Court's prior ruling therefore strongly supports Plaintiff's likelihood of success on the merits. *See Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) (prior judicial determination of rights highly probative of likelihood of success).

### III. Plaintiff Will Suffer Irreparable Harm Absent Injunctive Relief

Irreparable harm exists where monetary damages cannot adequately compensate the injury. The harm Plaintiff faces from continued withholding of his client file is irreparable for several reasons.

First, Plaintiff cannot assess the full scope of his claims or the strength of available defenses without access to the file. The file contains correspondence, pleadings, communications, and work product from four distinct matters spanning years of litigation. Without it, Plaintiff cannot fully evaluate what ZNC did or failed to do, what representations were made, what positions were taken, or what opportunities were lost. This informational prejudice is not compensable by money damages because Plaintiff cannot know what he does not know.

Second, the harm compounds daily. Each day the file is withheld, Plaintiff's ability to litigate this action and any related proceedings is further prejudiced. Discovery obligations, evidentiary considerations, and litigation strategy decisions must be made without access to materials that are Plaintiff's property by right and that are directly relevant to the claims being litigated in this very action.

Third, the file may include materials relevant to multiple ongoing proceedings. The harm is therefore not contained to this action — it radiates across Plaintiff's litigation posture broadly.

Fourth, Plaintiff faces the harm of being denied access to his own property. Courts have recognized that the deprivation of property rights that a party is legally entitled to possess constitutes irreparable harm that equity will remedy. *See Ticor Title Ins. Co. v. Cohen,* 173 F.3d 63, 68 (2d Cir. 1999).

## IV.  The Balance of Hardships Tilts Decisively in Plaintiff's Favor

The hardship to Plaintiff of continued withholding is concrete and ongoing: he cannot access his own legal files, cannot fully assess his claims, and cannot benefit from the protection of his property rights that this Court has already recognized.

The hardship to Defendants of complying with the injunction is, by contrast, minimal. ZNC maintains Plaintiff's file in its electronic systems. Counsel confirmed as much in the April 23, 2026 communication, which discussed "accounts, platforms, and systems" used to maintain the materials and offered to provide an "estimate" for production. Electronic production of materials already in Defendants' possession imposes no material burden. There is no legitimate hardship in

producing a former client's file materials to which the client is presumptively entitled under New York law.

The defense of ZNC and Virgil is funded by Defendants MedPro Group Inc. and Attorney Protective, among the largest professional liability insurers in the United States. Any cost associated with the production of a client file is de minimis in this context. The balance of hardships tilts overwhelmingly in Plaintiff's favor.

## V.  The Public Interest Supports Relief

The public interest supports enforcement of the professional obligations that govern the attorney-client relationship. New York Rule of Professional Conduct 1.16(d) reflects a considered policy judgment that former clients are entitled to their files upon termination of representation. That policy would be rendered meaningless if courts declined to enforce it through equitable relief when files are withheld after repeated requests and judicial recognition of the client's rights.

The public has a strong interest in enforcement of attorneys' professional obligations concerning former-client property. Preliminary injunctive relief here reinforces those obligations and ensures that the procedural posture of litigation cannot be used to defer what is otherwise a clear substantive right.

## VI.  No Bond or Only Nominal Security Should Be Required Under Rule 65(c)

Federal Rule of Civil Procedure 65(c) provides that a court may issue a preliminary injunction only upon the movant giving security in an amount the court considers proper. Courts in this Circuit retain broad discretion to waive or minimize the security requirement where the risk of

harm from wrongful issuance is de minimis. *See Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004); *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996).

Plaintiff respectfully submits that no bond, or only nominal security, should be required here for three reasons. First, the requested injunction merely compels production of materials to which Plaintiff is presumptively entitled under New York law — it does not restrain Defendants from any business activity or impose operational disruption. Second, the financial burden of production is de minimis: the file is already maintained electronically and production imposes no significant cost, particularly given that the defense is funded by institutional insurers. Third, if the injunction were wrongfully issued — which Plaintiff submits it would not be — the harm to Defendants would be limited to the administrative burden of producing electronic materials, which presents little risk of compensable harm not already addressed by the underlying litigation. Plaintiff recognizes the Court retains discretion to tailor any security requirement to the minimum necessary to address the identified risks.

## VII.  The Scope of Relief Sought

Plaintiff requests a preliminary injunction requiring ZNC and Virgil to produce, within fourteen (14) days of the order, the complete client file for each of the four matters in which ZNC represented Plaintiff:

- Teman v. Braverman/PATH, Index No. 805410/2014 (Sup. Ct. N.Y. Cnty.);

- Silver Hill Hospital, Inc. v. Teman;

- Buch v. Teman; and

- United States v. Teman.

The production shall be made in native electronic format, without charge to Plaintiff, and shall include the complete client file for each matter subject only to the narrow exceptions recognized under New York law. Plaintiff does not seek materials as to which a specific, recognized legal exception applies, provided that any withheld items are identified by contemporaneous itemized privilege log.

Plaintiff does not seek to preclude Defendants from asserting that specific, discrete items within the file are subject to a recognized exception — for example, the attorney's own mental impressions in certain narrow circumstances. Any such assertion must be made by itemized privilege log, not by blanket withholding. Wholesale withholding of the entire file pending resolution of discrete objections is not consistent with Plaintiff's rights or with this Court's prior ruling.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter a preliminary injunction:

1. Ordering Defendants Zeldes Needle Cooper LLP and Jeremy Virgil to produce Plaintiff's complete client file for all four matters — Teman v. Braverman/PATH, Silver Hill Hospital v. Teman, Buch v. Teman, and United States v. Teman — within fourteen (14) days of this Order;

2. Directing that production be made in native electronic format, without charge, and to include all materials generated or received in connection with each representation;

3.  Permitting Defendants to withhold only specific, discrete items as to which a recognized legal exception applies, supported by a contemporaneous itemized privilege log;

4.  Directing that any dispute regarding specific withheld items be submitted to the Court for expedited resolution; and

5.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**s/ Ari Baruch Teman**
Ari Baruch Teman
Pro Se Plaintiff
1521 Alton Road #888
Miami Beach, FL 33139
ari@teman.com
781-718-3375

---

**EXHIBITS IN SUPPORT**

•   Exhibit A — Order, Teman v. Zeldes Needle Cooper LLP, No. 24-cv-9830-LJL, Dkt. No. 70 (S.D.N.Y. Apr. 21, 2026)

•   Exhibit B — Email from Cristina R. Yannucci to Plaintiff, April 23, 2026, re: client file production conditions

•   Exhibit C — Complaint, Teman v. MedPro Group Inc. et al., No. 1:26-cv-03517, Dkt. No. 1 (S.D.N.Y. Apr. 27, 2026)