## Ari B. Teman

ari@teman.com

June 2, 2026

VIA ECF

The Honorable Lewis J. Liman

United States District Judge

Southern District of New York

500 Pearl Street

New York, New York 10007

**Re:** Teman v. MedPro Group Inc. et al., No. 1:26-cv-03517 — **Emergency Letter-Motion for Order Compelling Immediate Production of Complete Client File in Native Format; Proposed Order**

Dear Judge Liman:

This motion presents a single question: after more than a year of litigation and repeated demands for Plaintiff's client file, where is the complete file, and who has it? No party has answered that question. Plaintiff respectfully submits this letter-motion in response to the opposition filed by MedPro Group Inc. and Attorney Protective (through their counsel, Rivkin Radler LLP) (ECF No. 22), and in support of Plaintiff's Emergency Letter Motion to Compel Immediate Production of Client File (ECF No. 21).

Plaintiff directs this motion to the District Court rather than to Magistrate Judge Cave for three reasons. First, the Honorable Lewis J. Liman is already fully aware of the underlying production deficiencies, the conduct of defense counsel, and the client file issues, all of which are the subject of Plaintiff's Pre-Conference Letter filed today in the related action, Teman v. Zeldes Needle Cooper LLP et al., No. 1:24-cv-09830 (LJL) (attached hereto as Exhibit A). Second, those same issues are squarely before this Court at the June 8, 2026 conference in the Zeldes action, to which defense counsel Yannucci and Cohen are copied on all submissions. Third, this Court has found the Zeldes and MedPro actions to be related. Coordinated resolution by this Court is both more efficient and more appropriate than parallel proceedings before the Magistrate. Plaintiff expressly does not consent to the disposition of any dispositive matter in this action by a Magistrate Judge.

**I. The Opposition Does Not Answer the Central Question**

Plaintiff first demanded the complete client file more than a year ago. ZNC has not produced it. Lewis Brisbois, Cristina Yannucci, and Samuel Cohen have been on notice of that demand throughout the Zeldes litigation. MedPro, Attorney Protective, and Rivkin Radler have likewise been aware of the dispute in their capacity as the insurer funding and directing the defense. Judge Liman is already familiar with the client-file dispute from the related Zeldes action, including the Pre-Conference Letter filed today as Exhibit A, which is before the Court at the June 8 conference.

MedPro and Attorney Protective's opposition addresses three procedural arguments: lack of meet and confer, lack of possession, and prematurity. Plaintiff addresses each below. But even if every statement in MedPro and Attorney Protective's opposition is accepted as true, the central question remains entirely unanswered: after more than a year of litigation, no party — not ZNC, not Lewis Brisbois, not Yannucci, not MedPro, not Rivkin — has identified where the complete client file is or confirmed that it exists in complete form. That is the question this motion asks the Court to resolve.

## II. The Production Confirms the File Has Not Been Produced — and Raises Serious Questions About Whether It Was Modified

The production Defendants made on May 28, 2026 is not the client file. The Pre-Conference Letter filed today in the Zeldes action (Exhibit A) and the Supplemental Notice sent to counsel this date (Exhibit B) set out the full factual record. In summary:

1. 3,477 documents were batch-converted to image-only PDFs in a 47-minute window on May 27, 2026, with all text layers and metadata stripped. This is not a production of files as maintained. It is a production of files that have been deliberately flattened — making them unsearchable, unverifiable, and impossible to authenticate.

2. Nearly half the produced documents are publicly available court records, legal research, and assembled appeal materials — not internal ZNC work product.

3. The production contains 843 substantive emails from 2015–2017 and four emails from 2018–2021, all Canon scanner transmissions. Three full years — 2018, 2020, and 2021 — are entirely absent.

4. No fewer than 125 documents that Plaintiff previously produced to Defendants are absent from Defendants' production, including executed HIPAA authorizations and consolidation communications.

5. The custodial files of at least ten identified ZNC attorneys and staff — including Managing Partner Maximino Medina, Jr. — were never searched. Medina has zero documents in the production despite being directly involved in both the Braverman and Silver Hill matters and being copied on communications as recently as January 2020.

6. No Gmail collections, text messages, personal email accounts, mobile devices, cloud repositories, or former employee accounts are disclosed as having been searched.

The pattern is not consistent with a good-faith search and production of the client file as maintained. It is consistent with an attempt to reconstruct a file that was lost or never properly maintained, using publicly available records and stripped metadata to obscure what is missing. Both Plaintiff and the analytical tools used to review this production have reached the same conclusion: the production appears to reflect intentional modification of documents — flattening, metadata removal, and selective assembly — designed to prevent identification of the fact that the complete client file does not exist in its original form.

An order directing immediate production of the complete file in native format — with no flattening, no metadata stripping, and no conversion to image-only PDFs — is necessary to preserve what remains and to prevent further modification.

### III. The Client File Must Be Produced Immediately Regardless of the Stay

The June 1, 2026 stay (ECF No. 97) applies to Defendants' obligation to respond to discovery requests. It does not suspend ZNC's independent professional obligation to return a former client's file — an obligation rooted in professional conduct rules and ZNC's duties to its former client, not in the discovery schedule. There is no legitimate basis for ZNC's continued withholding of Plaintiff's file more than a year after this action was filed, and no court order in this action purports to excuse it.

### IV. Meet-and-Confer Was Satisfied

Plaintiff repeatedly requested the client file through written correspondence to MedPro's coverage counsel at Rivkin Radler, including his May 31, 2026 letter identifying the missing file as a central dispute and inviting engagement. Defendants did not substantively respond. Further conferral would have been futile. The meet-and-confer requirement does not create a procedural shield for parties who decline to participate.

### V. Proposed Order

For the reasons set forth above and in the accompanying exhibits, Plaintiff respectfully requests that the Court enter the proposed order attached hereto.

The Court need not determine intent, find spoliation, or resolve every discovery dispute to grant the relief requested. The Court need not adopt any inference adverse to Defendants. The Court need only recognize what is already apparent from the record: after more than a year of requests and litigation, no party has produced the complete client file, identified who possesses it, or confirmed that it exists in complete form. Those facts alone — undisputed and unrebutted by MedPro and Attorney Protective's opposition — justify an order for immediate production in native format and sworn statements identifying the file's current location and condition.

Respectfully submitted,

s/Ari Teman/

Ari Baruch Teman, Plaintiff pro se

1521 Alton Road #888, Miami Beach, FL 33139

ari@teman.com | (212) 203-3714

**cc:** Amanda Drantch, Esq.; Max Gershenoff, Esq., Rivkin Radler LLP

Cristina Yannucci, Esq.; Sam Cohen, Esq., Lewis Brisbois Bisgaard & Smith LLP

**Exhibit A:** Plaintiff's Pre-Conference Letter, Teman v. Zeldes Needle Cooper LLP et al., No. 1:24-cv-09830, filed June 2, 2026

**Exhibit B:** Plaintiff's Supplemental Notice re Maximino Medina, Jr., dated June 2, 2026

**Attachment:** Proposed Order

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

ARI BARUCH TEMAN,

Plaintiff,

v.

MEDPRO GROUP INC., et al.,

Defendants.

No. 1:26-cv-03517 (LJL)

# PROPOSED ORDER

Upon consideration of Plaintiff's Emergency Letter-Motion for Order Compelling Immediate Production of Complete Client File in Native Format, and the exhibits attached thereto, and for good cause shown, IT IS HEREBY ORDERED as follows:

## A. Immediate Production of Complete Client File

Zeldes Needle & Cooper P.C. and all named ZNC attorney defendants shall produce to Plaintiff, by no later than June 3, 2026, the complete client file for each of the following matters:

> (i) Teman v. Braverman/PATH Medical (NY Supreme Court Index No. 805410/2014);
>
> (ii) Silver Hill Hospital Inc. v. Teman;
>
> (iii) the Buch consolidation matter;
>
> (iv) United States v. Teman, to the extent ZNC maintained files relating to that matter; and
>
> (v) any other matter in which ZNC represented or communicated with Plaintiff.

Production shall be made in native format, without conversion to image-only PDF, without flattening, and without stripping of metadata. Every document shall be produced with its original file properties, authorship data, creation and modification dates, and version history intact. Any document that cannot be produced in native format shall be accompanied by a written explanation of why the native format is unavailable.

## B. Comprehensive Custodian Search

All ZNC attorneys and staff who worked on any Teman matter — including without limitation Jeremy Virgil, Jason Prueher, Maximino Medina Jr., Lori A. DaSilva-Fiano, Marisa R. Pulla, Gabriele Scala, Michael Tone, Diane Barrett, Jeanne Rieger, Nancy Mankulics, Jamie Kircher, Daphne Williams, and any individual associated with the "qraysor" author profile — shall immediately search the following repositories for any documents relating to Plaintiff or any Teman matter:

> (i) ZNC work email accounts;

> (ii) personal Gmail and all other personal email accounts used in connection with any Teman matter;

> (iii) text messages and iMessage;

> (iv) WhatsApp, Signal, and any other messaging applications;

> (v) Slack, Microsoft Teams, and any other workplace communication platforms;

> (vi) Box, Dropbox, Google Drive, OneDrive, iCloud, and any other cloud storage repositories;

> (vii) external hard drives, USB drives, and any other portable storage media; and

> (viii) physical files, paper documents, and any other non-electronic storage.

All responsive documents identified through this search shall be produced to Plaintiff in native format within fourteen (14) days of the date of this Order.

## C. Sworn Statement by Defense Counsel

Cristina R. Yannucci, Esq. and Samuel Cohen, Esq. of Lewis Brisbois Bisgaard & Smith LLP shall provide a sworn statement on the record, within seven (7) days of the date of this Order, addressing each of the following, separately for each Teman matter:

> (i) whether they have been provided with the complete client file for each Teman matter, and if so, by whom and in what form;

> (ii) whether their client or any representative of their client has made any statement, directly or indirectly, suggesting that any Teman client file was lost, damaged, destroyed, or is otherwise unavailable in whole or in part;

> (iii) whether they, or any discovery vendor or service acting at their direction, provided any instruction — verbal, written, or through software settings — to remove metadata, flatten documents, convert documents to image-only format, or otherwise alter the technical properties of documents before production;

> (iv) whether they currently possess, in any format, any Word documents, PDFs, emails, images, spreadsheets, or other files relating to Plaintiff or any Teman matter

that have not yet been produced to Plaintiff; and

(v) whether the production made on May 28, 2026 represents the complete universe of documents in their possession, custody, or control relating to any Teman matter, or whether additional documents exist.

**D. Sworn Statement by Coverage Counsel**

Max Gershenoff, Esq. and Amanda Drantch, Esq. of Rivkin Radler LLP, as coverage counsel for MedPro Group Inc. and Attorney Protective, shall provide a sworn statement on the record, within seven (7) days of the date of this Order, addressing each of the following:

(i) whether Rivkin Radler has been informed, at any time, that the complete client file for any Teman matter exists in its original form and is available for production;

(ii) whether Rivkin Radler has been informed, at any time, that any portion of any Teman client file was lost, damaged, destroyed, or is otherwise unavailable, and if so, by whom, when, and in what circumstances;

(iii) whether any representative of MedPro, Attorney Protective, ZNC, or Lewis Brisbois has made any representation to Rivkin Radler regarding the condition, completeness, or availability of the Teman client files in connection with coverage evaluation or claims handling; and

(iv) whether Rivkin Radler itself possesses any documents relating to any Teman matter, including without limitation correspondence, coverage analyses, reservation of rights letters, claims files, or communications with ZNC or Lewis Brisbois regarding the client file.

SO ORDERED.

Dated: New York, New York

June ___, 2026

_____

HON. LEWIS J. LIMAN

United States District Judge

Southern District of New York