# EXHIBIT B

**Supplemental Notice of Anticipated Amendment**

**re Maximino Medina, Jr.**

Teman v. Zeldes Needle Cooper LLP et al.

No. 1:24-cv-09830 (LJL)

Dated June 2, 2026

# Ari B. Teman

ari@teman.com

June 2, 2026

VIA EMAIL

Cristina R. Yannucci, Esq. (Cristina.Yannucci@lewisbrisbois.com)

Sam Cohen, Esq. (Sam.Cohen@lewisbrisbois.com)

Lewis Brisbois Bisgaard & Smith LLP, 140 Broadway, 31st Floor, New York, NY 10005

Max Gershenoff, Esq. (Max.Gershenoff@rivkin.com)

Amanda Drantch, Esq. (Amanda.Drantch@rivkin.com)

Rivkin Radler LLP, 477 Madison Avenue, New York, NY 10022

**Re:** Teman v. Zeldes Needle Cooper LLP et al., No. 1:24-cv-09830 (LJL) — **Supplemental Notice of Anticipated Amendment to Add Maximino Medina, Jr.; Document Preservation and Custodian Search; Production of Client File Notwithstanding Stay**

Counsel:

I write to supplement my letter of even date regarding anticipated amendments to the complaint in the above action. This letter provides notice that Plaintiff intends to move for leave to amend the complaint to add

**Maximino Medina, Jr.**

as an additional defendant, and sets forth the basis for that addition and the related requests addressed below.

## 1. Basis for Adding Medina as a Defendant

Maximino Medina, Jr. was the Managing Partner of Zeldes Needle & Cooper P.C. during the period of ZNC's representation of Plaintiff in both the Braverman/PATH matter and the Silver Hill matter. The documentary record establishes his direct involvement in both matters:

First, on October 8, 2017, Managing Partner Medina wrote directly to Plaintiff regarding the Silver Hill matter, confirming that he had received copies of Plaintiff's October 6, 2017 email to "many of my partners," that he had been briefed by Virgil on their conversation, and that Virgil was attending a deposition in the Silver Hill matter the following day. That letter, on ZNC letterhead, is captioned "Re: Silver Hill Hospital Inc. v. Teman."

Second, on January 16, 2020, Plaintiff sent an email to Jeremy Virgil regarding consolidation of the Braverman matter, copying Maximino Medina directly at MMedina@znclaw.com. That email — which Plaintiff has produced in this litigation — is absent from Defendants' production in this action. Neither Virgil's copy nor Medina's copy appears anywhere in the 3,477 documents produced. This is one of numerous emails from 2018 through 2021 that are entirely absent from Defendants' production despite firm personnel being actively engaged on the matter during that period.

Managing Partner Medina has zero documents in Defendants' production. He was not identified as a custodian. His files were not searched. The omission of the Managing Partner's custodial files from a production spanning matters he personally supervised — at both the partner and managing partner level — is not consistent with a good-faith search.

## 2. Document Preservation and Custodian Search

Please confirm, by no later than June 6, 2026:

> (a) that Maximino Medina, Jr. has been notified of this litigation and instructed to preserve all documents and communications relating to Plaintiff's representation by ZNC, including without limitation all emails, text messages, personal emails, and any other communications relating to the Braverman/PATH matter, the Silver Hill matter, and the Buch consolidation;

> (b) that Defendants will search Medina's custodial files — including his ZNC email account, any personal email accounts used in connection with the representation, text messages, and any other repositories — and produce all responsive documents;

> (c) whether Lewis Brisbois will represent Medina in connection with the anticipated amendment, or whether Plaintiff should direct notice to him separately; and

> (d) whether Medina or his counsel will accept service of the amended complaint and stipulate to waive formal service pursuant to Fed. R. Civ. P. 4(d).

## 3. Production of the Client File Is Required Notwithstanding the Stay

The June 1, 2026 Order (ECF No. 97) suspended Defendants' obligation to respond to Plaintiff's discovery requests pending the June 8 conference. That stay applies to Defendants' responses to Plaintiff's discovery requests. It does not suspend Defendants' independent obligation to produce the client file.

A law firm's obligation to return a former client's file is not a discovery obligation — it is a professional obligation that exists independently of any court order or discovery schedule. ZNC has had Plaintiff's file in its possession throughout this litigation. Plaintiff has requested it repeatedly. There is no legitimate basis for continued withholding, and no court order in this

action purports to excuse it.

Defendants have now had more than a year since this action was filed to produce the complete client file. The production made on May 28, 2026 is not the client file: it is a collection of publicly available court records, assembled appeal materials, and blank template forms, batch-converted in a 47-minute window, with the custodial files of at least ten identified attorneys and staff never searched. That production does not satisfy ZNC's obligation to return its former client's file.

Please confirm by June 6, 2026 whether Defendants will produce the complete client file for each Teman matter — the Braverman/PATH matter, the Silver Hill matter, and any related matters — immediately and without further delay. Plaintiff anticipates that the Court will lift the stay and order production at the June 8 conference. If Defendants produce the complete file before June 8, that production should be made in native format with all metadata intact.

Nothing in this letter waives any right or claim, all of which are expressly reserved.

Regards,

s/Ari Teman/

Ari Baruch Teman, Plaintiff pro se

1521 Alton Road #888, Miami Beach, FL 33139

ari@teman.com | (212) 203-3714