Ari B. Teman

The Honorable Lewis J. Liman                                          **VIA ECF**
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

**Re:** *Teman v. MedPro Group Inc., et al.*, No. 1:26-cv-03517-LJL — Plaintiff's Reply in Further
Support of Emergency Letter-Motion to Compel Production of Client File (ECF No. 21)

Dear Judge Liman:

Plaintiff respectfully submits this reply to the opposition of the Lewis Brisbois and Zeldes Needle
Cooper defendants (ECF No. 26). The opposition does not establish that the production is
complete; it confirms the opposite. It also leaves wholly unanswered the central, documented
concern raised by Plaintiff's motion: that the May 2026 production is not the client file as
maintained, but an image-only assembly that strips the metadata necessary to determine whether
the original file still exists.

**I. Defendants' Own Submission Establishes the File Has Not Been Produced**

Defendants ask the Court to deny the motion as moot because they "produced the requested client
file" (ECF No. 26 at 1), while representing on the following page that "the remainder of the files
ZNC maintained as part of its legal representation of Plaintiff are being collected, processed, and
prepared for production" (id. at 2). Both statements cannot be true. If the remainder is still being
collected and prepared, the file has not been produced, and the motion is not moot. Defendants'
submission is itself proof that production is incomplete.

**II. This Is Not a Discovery Dispute, and the Stay Does Not Excuse Withholding**

Defendants recast Plaintiff's request as a discovery dispute governed by the scheduling order and
the stay entered in the related action. It is neither. A former client's right to his file is an
independent professional obligation that exists apart from the discovery schedule and is not
suspended by a stay of discovery responses. Indeed, Defendants concede that Plaintiff requested
the file "outside the scope of formal discovery" (id.). The April 21, 2026 order in the related
action denied relief on procedural grounds tied to the stay and directed that Plaintiff could
commence a separate proceeding to recover the file. Plaintiff did so. This is that proceeding.

**III. Defendants' Own Authority Defeats Their Delay**

Defendants invoke *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 91 N.Y.2d
30 (1997), but that case is squarely against them. *Sage Realty* holds that a former client is
presumptively entitled to the *entire* file — including drafts, internal memoranda, mark-ups, and
research — with the burden on the firm to make a "substantial showing" of good cause to refuse.
Id. at 34, 37. Defendants' production of only "non-privileged responsive documents" is already
narrower than the file Plaintiff is owed. As to cost, *Sage Realty* permits a firm to bill the
reasonable expense of assembling and delivering the file; it does not permit the firm to *withhold
or delay* the file pending payment. The remedy for an unpaid assembly fee is to invoice and
collect it — not to hold a client's file hostage for over a year. New York authority treats delay in
returning a client file as sanctionable, not as a permissible response to a fee dispute. Defendants
have never provided the cost estimate or invoice they say *Sage Realty* entitles them to; they have
simply not produced the file.

**IV. The Production Itself Raises Serious Questions of Completeness and Integrity**

Plaintiff's concern is not abstract. The May 2026 production, examined on its face, is not consistent with a good-faith production of the file as maintained:

- All 3,477 documents were batch-converted to image-only PDFs in a 47-minute window on May 27, 2026, with text layers and authoring metadata stripped — rendering them unsearchable and unverifiable.
- Nearly half the production consists of publicly available court records, legal research, and assembled appeal materials — not internal work product.
- The production contains 843 substantive emails from 2015–2017 but only four from 2018 through 2021; the years 2018, 2020, and 2021 are entirely absent, though the production's own metadata shows firm personnel were actively working the matter throughout.
- At least 125 documents Plaintiff previously produced to Defendants — including executed HIPAA authorizations — are missing, replaced by 106 blank template forms.
- The custodial files of at least ten identified ZNC attorneys and staff, including Managing Partner Maximino Medina, Jr., were never searched. Medina has zero documents in the production despite supervising the matter and being copied on communications as recently as January 2020.
- No Gmail, text-message, personal-email, mobile-device, or cloud-repository collections are disclosed as having been searched.

These features raise substantial questions regarding whether the production reflects the client file as maintained in the ordinary course of business or a later reconstruction assembled from available sources. Defendants' recent demand that Plaintiff authorize them to re-obtain the prior-counsel file and HIPAA records that a maintained successor file would already contain sharpens that concern. This is precisely why the *form* and *timing* of production matter: each additional round of third-party collection alters the file's state and risks substituting a reconstructed record for the original.

### V. Plaintiff Has Satisfied Conferral; the Motion Is Properly Before This Court

Plaintiff repeatedly requested the file in writing and identified it as the central dispute; Defendants did not substantively engage, and further conferral would have been futile. The meet-and-confer requirement does not shield a party that declines to participate. The dispute is properly before this Court, which has found the two actions related and before which the same client-file issues are set for the June 8, 2026 conference.

### VI. Relief Requested

Plaintiff does not ask the Court to find spoliation or fabrication at this stage. He asks only that the file be produced as it presently exists, before further alteration. Plaintiff respectfully requests an order directing that Defendants:

1. Immediately produce the complete client file for the Braverman/PATH, Silver Hill, and related matters, in original native format where native files exist, without conversion to image-only PDF, flattening, or metadata stripping, with original file properties, authorship, and creation/modification dates intact;

2. Identify every custodian, repository, archival system, backup system, and vendor- or insurer-maintained system searched, and any responsive materials that are missing, unavailable, or not presently locatable;

3. State whether any portion of the file was lost, transferred, separated, reorganized, or reconstructed following attorney or staff transitions; and

4.  Provide a sworn declaration from a knowledgeable records custodian attesting to the custodians and repositories searched, the methodology used, whether the production constitutes the complete client file as historically maintained, and identifying any categories of client-file materials that were not produced and the reason for their non-production.

Should Defendants' declaration prove inadequate to verify completeness — for example, if it again omits the custodians and repositories identified above — Plaintiff respectfully requests, in the alternative, that the Court authorize an independent third-party e-discovery vendor, at Defendants' expense, to collect and verify the file and report to the Court.

**Conclusion**

Your Honor has acknowledged that the client file is Plaintiff's property and that he has a right to it outside of any discovery or litigation.

A client should not have to sue for his own client file, let alone litigate multiple motions to obtain it. Every other attorney from whom Plaintiff has requested his file simply produced it. Here, by contrast, Defendants continue to resist production while simultaneously acknowledging that additional portions of the file remain under collection.

The significance of the file is not speculative. Defendants have repeatedly taken positions before this Court regarding the relationship between Silver Hill Hospital and Dr. Braverman. The documents Defendants have produced appear to contradict those positions and demonstrate that the matters were treated internally as intertwined. Whether Defendants' prior representations were accurate is ultimately for the Court to determine. What is beyond dispute is that Plaintiff cannot fairly test those representations without access to the complete file that Defendants themselves acknowledge has not yet been fully produced.

Regardless of the merits of Plaintiff's malpractice claims, Defendants' obligation to return Plaintiff's file exists independently and cannot be defeated by delay. If Defendants believe they are entitled to reimbursement for the cost of assembling the file, they may invoice Plaintiff. The file must be produced first.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion. A proposed order is attached.

Respectfully submitted,

/s/ Ari Teman
Ari Baruch Teman
Plaintiff Pro Se                                    cc:  All counsel of record via ECF

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ARI BARUCH TEMAN,
      Plaintiff,
   v.
MEDPRO GROUP INC., et al.,
      Defendants.

No. 1:26-cv-03517 (LJL)

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Emergency Letter-Motion to Compel Production of Client File (ECF No. 21), Defendants' opposition (ECF No. 26), and Plaintiff's reply, and for good cause shown, IT IS HEREBY ORDERED:

1. Defendants Zeldes Needle Cooper, P.C., Jeremy Virgil, Robert S. Cooper, and Maximino Medina shall, within seven (7) days of this Order, produce to Plaintiff the complete client file for the Braverman/PATH matter, the Silver Hill matter, the Buch consolidation matter, United States v. Teman (to the extent ZNC maintained files relating to that matter), and any other matter, related or otherwise, in which ZNC represented or communicated with Plaintiff — in original native format where native files exist, without conversion to image-only PDF, flattening, or stripping of metadata, with original file properties, authorship, and creation and modification dates intact;

2. Defendants shall identify every custodian, repository, archival system, backup system, and vendor- or insurer-maintained system searched, and any responsive materials that are missing, unavailable, or not presently locatable;

3. Defendants shall state whether any portion of the file was lost, transferred, separated, reorganized, or reconstructed following attorney or staff transitions;

4. Defendants shall provide a sworn declaration from a knowledgeable records custodian attesting to the custodians and repositories searched, the methodology used, whether the production constitutes the complete client file as historically maintained, and identifying any categories of client-file materials not produced and the reason for their non-production. ZNC attorneys Jeremy Virgil, Kyle D. Souza, Marisa R. Pulla, and Lori A. DaSilva-Fiano — who are also shown in discovery to have been involved in the Teman matters — shall each sign the declaration, or shall each sign an individual copy of the same declaration, adding an attestation that they have reviewed the declaration and confirm its statements to be true;

5. Should the declaration required by paragraph 4 prove inadequate to verify completeness, Plaintiff may apply to the Court for the appointment of an independent third-party e-discovery vendor, at Defendants' expense, to collect and verify the file and report to the Court; and

6. Nothing herein waives any properly asserted privilege; withheld materials shall be identified on a privilege log compliant with Fed. R. Civ. P. 26(b)(5).

SO ORDERED.

Dated: New York, New York
     June \_\_\_, 2026

_____
HON. LEWIS J. LIMAN
United States District Judge