

Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

June 4, 2026                                                                      File No. 47558.92

**<u>VIA ECF</u>**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

      Re:    *Ari Baruch Teman v. Med Pro Group Inc., et al*
               <u>United States District Court, Southern District of New York, Civil Case No. 1:26-cv-03517</u>

Dear Judge Liman:

Our firm represents defendants Lewis Brisbois Bisgaard & Smith LLP, Cristina Yannucci and Sam Cohen (collectively, "LBBS"), and defendants Zeldes Needle Cooper, P.C. s/h/i/a Zeldes Needle Cooper LLP, Robert S. Cooper, Maximino Medina and Jeremy Virgil (collectively, "ZNC," with "LBBS," collectively "Defendants") in the above-referenced matter.

Defendants submit this letter in response to plaintiff Ari Baruch Teman's ("Plaintiff") "emergency letter motion," filed on June 2, 2026 (ECF Doc. No. 25) and "letter reply" filed on June 4, 2025 (ECF Doc. No. 27). As pertains to the June 2, 2026 "emergency letter motion," Plaintiff concedes that his submission is in "response to the opposition filed by MedPro Group Inc. and Attorney Protective (through their counsel, Rivkin Radler LLP) (ECF No. 22), and in support of Plaintiff's Emergency Letter Motion to Compel Immediate Production of Client File (ECF No. 21)." (ECF Doc. No. 25 at p. 1). As pertains to the June 4, 2026 reply, Plaintiff concedes that his submission is in response "to the opposition of Lewis Brisbois and Zeldes Needle Cooper defendants (ECF No. 26)." (ECF Doc. No. 27). Since Your Honor's individual practice rules do not permit replies in response to opposition and in further support of letter motions, Plaintiff's submissions should be summarily disregarded by the Court. However, should this Court consider these filings, Plaintiff's arguments should be rejected and Plaintiff's requested relief should be denied.

By way of his original May 28, 2026 letter motion, Plaintiff seeks to compel Defendants to produce "the complete client file relating to the underlying PATH/Braverman litigation within their possession custody, or control," with specifications as to the format of the production, asl well as written representations and declarations as to the search and methodologies of the production. (ECF Doc. No. 21 at p. 5). Now, by his June 2, 2026 filing, Plaintiff seeks to compel Defendants to: (1) produce complete client files for at least four litigations in native format; (2) perform a search of firm and non-firm repositories for "responsive documents" for "[a]ll ZNC attorneys and staff who worked on any Teman matter"; and (3) produce a sworn statement from Defendants' counsel as to search and production methodologies. (ECF Doc. Nos. 25 at pp. 5-6). Similarly, in his June 4 2026 filing, Plaintiff requests that Defendants be ordered: to (1) "[i]mmediately produce the client file for the Braverman/PATH, Silver Hill, and related matters, in original native format"; (2) "[i]dentify every custodian, repository, archival system, backup system, and vendor- or insurer-maintained system searched, and any responsive materials that are missing, unavailable, or not presently locatable"; (3) make representations as to how the file was

June 4, 2026
Page 2

stored and maintained; and (4) to "produce a sworn declaration from a records custodian." (ECF Doc. No. 27 at pp. 2-3). Defendants oppose Plaintiff's new requests since they seek relief beyond what was sought in Plaintiff's May 28, 2026 letter motion and otherwise are without any basis.

First, Plaintiff concedes that his request derives from discovery disputes transpiring in the "related action," namely, *Teman v. Zeldes Needle Cooper LLP*, No. 24-cv-9830 ("Action #1").[1] (ECF Doc. No. 25 and 27). Defendants oppose Plaintiff's motion as it seeks to address discovery proceedings in Action #1. Despite this procedural impropriety and for the Court's information, on May 29, 2026, Defendants produced records responsive to Plaintiff's discovery requests in Action #1, bearing Bates numbers DEFTS00001-DEFTS064713. (**Exhibit 1**). Thus, not only is Plaintiff's motion procedurally improper, it is rendered moot.[2]

As pertains to the case at bar, Plaintiff's requested relief should be denied as untimely and premature, as discovery has not commenced in this proceeding, no Case Management Plan and Scheduling Order has been issued, and Defendants' deadline to answer, move, or otherwise respond to the Complaint does not expire until July 10, 2026. (ECF Doc. No. 17). Furthermore, Plaintiff's requests should be denied for failing to adhere to Your Honor's individual practice rules in civil cases as follows: Plaintiff's requests violate Rules 1.B, 4.C, and 4.D, as Plaintiff fails to demonstrate any good faith attempt to resolve the discovery dispute and fails to explain why such efforts were unsuccessful, and Plaintiff fails to request an informal discovery conference on the matter.

Defendants are also constrained to respond to and correct the record. Plaintiff claims that he "first demanded the complete client file more than a year ago" (ECF Doc. No. 25 at p.2) and that Defendants have held his file "hostage for over a year" (ECF Doc. No. 27 at p. 1). As this Court is aware, in Action #1, following the Court's resolution of Defendants' motion to dismiss, issuance of the Case Management Plan and Scheduling Order, and multiple letter motions, the Court issued an April 21, 2026 Order, by which the Court denied Plaintiff's motion to compel production of the requested client files, holding that "Plaintiff [could not] circumvent the stay on discovery in this matter by requesting the Court's intervention in obtaining his client file." (**Exhibit 3**).

On April 23, 2026, in response to Plaintiff's written demand for his client file, LBBS requested confirmation from Plaintiff as follows: (1) what files Plaintiff was specifically requesting; and (2) instructions for the production, namely, whether it should be produced in physical or electronic format. (**Exhibit 4**).[3] LBBS also advised Plaintiff that "ZNC will assess the cost of such production and provide [Plaintiff] with an estimate and thereafter and invoice for same" with "payment of which [being] required in accordance with *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 689 N.E.2d 879, 881 (N.Y. 1997) ("unless a law firm has already been paid for assemblage and delivery of documents to the client, performing that function is properly chargeable to the client under customary fee schedules of the firm, or pursuant to the terms of any governing retainer agreement"). (*Id.*). By April 23, 2026 email, Plaintiff requested his "entire client file" and refused to pay any production costs. (*Id.*). It was not until April 28, 2026 that Plaintiff confirmed he wanted "production of [his] client file in electronic format" and once again confirmed his refusal to pay production costs. (*Id.*).

---

[1] This Court determined that 1:24-cv-09830-LJL is a related proceeding (docket text between EFC Doc. Nos 11 and 12).

[2] Separately, attention is called to this Court's June 1, 2026 Order, issued in Action #1, that provides "Defendants' obligations to respond to Plaintiff's discovery requests is suspended pending further order of the Court." (**Exhibit 2**).

[3] Plaintiff's settlement communications have been redacted from **Exhibit 4**.

June 4, 2026
Page 3

Despite Plaintiff's refusal to pay for production costs, the remainder of the files ZNC maintained as part of its legal representation of Plaintiff are being collected, processed, and prepared for production in a reasonably accessible format, as stored in the ordinary course of business, and subject to governing law and professional guidelines. The anticipated production has been delayed due to Plaintiff's repeated filing of frivolous submissions in both Actions #1 and #2. Moreover, Plaintiff's instant requests go far beyond a client seeking production of a legal file in a reasonably usable format outside the scope of litigation discovery. Instead, Plaintiff improperly requests that this Court to rule on the sufficiency of Defendants' document production furnished within the confines of discovery in Action #1 (ECF Doc. No. 27), and to Order Defendants to produce records, written representations, and sworn declarations in a manner beyond what is reasonable, practical, required, or proportional to the needs of this case. Furthermore, Plaintiff fails to identify a sufficient basis warranting the emergency relief requested. Moreover, Plaintiff already has a "Motion for Preliminary Injunction Compelling Production of Plaintiff's Client File" pending, filed on May 19, 2026 (ECF Doc. No. 15), which seeks relief identical to what Plaintiff now seeks. Defendants respectfully submit that the request sought in Plaintiff's June 2, 2026 (ECF Doc. No. 25) and June 4, 2026 (ECF Doc. No. 27) submissions be denied in entirety, and instead be addressed upon resolution of Plaintiff's May 19, 2026 motion, which has yet to be briefed.

For the aforementioned reasons, Plaintiff's letter motions should be denied in their entirety. We thank the Court in advance for its time and attention to this matter.

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

CRY/Enclosures
Cc:    To all Parties via ECF