# **EXHIBIT 4**

| | |
|---|---|
| **From:** | Ari B. Teman <ari@teman.com> |
| **Sent:** | Tuesday, April 28, 2026 12:45 PM |
| **To:** | Yannucci, Cristina |
| **Cc:** | Patrick, Scott; cs@attorneyprotective.com; tkenesey@medpro.com; legalcompliance@medpro.com; corporateregulatory@medpro.com; northamerica.privacy.compliance@bhspecialty.com; Jeremy Virgil; rcooper@znclaw.com; ksouza@znclaw.com; jprueher@gouldinjurylaw.com; experts@medpro.com; hcpservice@medpro.com; crmteam@medpro.com; Cohen, Sam |
| **Subject:** | Re: Notice of Ongoing Malpractice Exposure and Opportunity to Resolve – Zeldes Needle Cooper LLP |

> EXTERNAL

Ms. Yannucci,

For the avoidance of doubt, I have consistently requested production of my client file in **electronic format.** That remains my request. There is no basis to impose fees for such production. As reflected in my pending **Motion to Disqualify**, your firm has already represented to the Court positions concerning the contents and scope of the file, which necessarily presupposes access to and review of those materials. Accordingly, production in native electronic form should be straightforward and without cost.

All recipients should also be aware that I have filed a related action concerning the withholding of my client file and associated conduct. A courtesy copy is available here: https://www.courtlistener.com/docket/69500297/74/1/teman-v-zeldes-needle-cooper-llp/ An index number will be circulated to all parties as soon as assigned by the Clerk.

For the avoidance of doubt, all parties, their counsel, and any insurers or agents are hereby on notice of their obligation to **preserve all documents, communications, ESI, and materials** relating in any way to Plaintiff, the underlying action, the client file, and any insurance coverage, claims handling, or communications regarding same. Any failure to do so will be addressed appropriately.

Insurers and carriers have already been placed on notice of these claims. To the extent not already done, Defendants are expected to notify all applicable carriers and confirm such notice.

Finally, your request that I refrain from communicating with non-parties is noted. I will continue to act in a manner consistent with my rights and obligations, including with respect to parties and entities that have been placed on notice of claims or have a direct interest in the matters at issue.

Please confirm by return email that Defendants will produce the complete client file in electronic format without charge, and provide a date certain for production



Please let me know how I can be helpful.

Ari

**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo (By Appointment only):

NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.
Statements herein about other companies and individuals
should be taken as opinion and not fact.

On Mon, Apr 27, 2026 at 6:40 PM Yannucci, Cristina <Cristina.Yannucci@lewisbrisbois.com> wrote:

Mr. Teman,

We disagree with your below claims and characterizations. Please allow this to confirm that we will comply with the Court order and discovery deadlines as they pertain to our litigation matter. As for the other materials you demand, please advise if you seek copies in paper or electronic form so that an estimate may be provided.

Finally, we have previously requested that you refrain from communicating directly with our clients and their carriers. Should you continue to issue such communications, we will seek the appropriate relief.

Very truly yours,

Cristina



**Cristina R. Yannucci**
**Partner | National Co-Chair, Professional Liability Practice**
Cristina.Yannucci@lewisbrisbois.com

**T: 212.232.1412 F: 212.232.1399**

7 World Trade Center
250 Greenwich Street, 11th Floor, New York, NY 10007 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.



**Cristina R. Yannucci**
**Partner | National Co-Chair, Professional Liability Practice**
**Cristina.Yannucci@lewisbrisbois.com**

**T: 212.232.1412 F: 212.232.1399**

7 World Trade Center
250 Greenwich Street, 11th Floor, New York, NY 10007 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Ari B. Teman <ari@teman.com>
**Sent:** Thursday, April 23, 2026 11:58 AM
**To:** Yannucci, Cristina <Cristina.Yannucci@lewisbrisbois.com>
**Cc:** Patrick, Scott <scott.patrick@attorneyprotective.com>; cs@attorneyprotective.com; tkenesey@medpro.com; legalcompliance@medpro.com; corporateregulatory@medpro.com; northamerica.privacy.compliance@bhspecialty.com; Jeremy Virgil <jvirgil@znclaw.com>; rcooper@znclaw.com;

3

ksouza@znclaw.com; jprueher@gouldinjurylaw.com; experts@medpro.com; hcpservice@medpro.com; crmteam@medpro.com

**Subject:** Re: Notice of Ongoing Malpractice Exposure and Opportunity to Resolve – Zeldes Needle Cooper LLP

EXTERNAL

Cristina,

Your response misstates both the Court's order and your clients' obligations.

As the Court made clear, I have a presumptive right to my entire client file, subject only to narrow exceptions. Your attempt to reframe that right as a limited discovery issue governed solely by the Braverman/PATH matter is incorrect.

Your request that I "identify the files" I seek is improper. I am entitled to the complete client file; the burden is not on me to reconstruct or itemize what your firm possesses.

Further, the materials are already maintained in your firm's electronic systems. There is no legitimate basis to impose copying or "production" costs as a condition of access to my own file.

It is also not credible that arguments were made to the Court regarding the relevance of other matters, while now taking the position that those same matters are irrelevant in the context of producing my file. That inconsistency speaks for itself.

As a courtesy and in good faith, I am extending my deadline to **Monday at 12:00 PM (New York time)**.

If the complete client file is not produced by that time, or a ███████████████████, I will proceed immediately with a special proceeding in New York to compel turnover, along with any additional actions necessary to address the ongoing withholding of my file and resulting prejudice.

**For the avoidance of doubt, the carriers and their representatives are copied because this correspondence constitutes notice. To the extent any party is directing, funding, or participating in continued delay or withholding of my client file after judicial clarification of my entitlement, I will evaluate and pursue all available claims arising from that conduct.**

No fees or conditions or delays are acceptable for release of materials already in your possession in electronic form.

Please confirm by return email that production will be completed within this timeframe.

Ari Teman

**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo (By Appointment only):

NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.
Statements herein about other companies and individuals
should be taken as opinion and not fact.

On Thu, Apr 23, 2026 at 6:33 PM Yannucci, Cristina <Cristina.Yannucci@lewisbrisbois.com> wrote:

Mr. Teman,

Please accept this response on behalf of our clients Zeldes Needle Cooper, LLP and Jeremy Virgil.

As acknowledged by your below correspondence, your below and related demands for "files" was subject to our motion for a protective order in the matter styled *Teman v. ZNC, et al*. Since the Court issued the order resolved our motion less than 48 hours ago, your arbitrary deadline for production of your "files" by 12 p.m. today is neither reasonable nor practical. Furthermore, to the extent the demand applies to the Underlying Action (Braverman/PATH), the response is governed and proscribed by the Court's ruling.

As pertains to the "files" other than those addressed by the Court's Order, please identify the "files" you seek, as well as instructions for the production – paper or electronic. In response, ZNC will assess the cost of such production and provide you with an estimate and thereafter an invoice for same, payment of which will be required in accordance with *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 689 N.E.2d 879, 881 (N.Y. 1997) ("unless a law firm has already been paid for assemblage and delivery of documents to the client, performing that function is properly chargeable to the client under customary fee schedules of the firm, or pursuant to the terms of any governing retainer agreement").

Very truly yours,

Cristina