UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                      :

ARI BARUCH TEMAN,                       :

                      :

          Plaintiff,         :

                      :          26-cv-3517 (LJL)

      -v-                :

                      :     MEMORANDUM AND

MEDPRO GROUP INC. et al.,      :        ORDER

                      :

         Defendants.      :

                      :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The following memorializes and sets forth the reasoning for orders issued at the

conference in this matter on June 8, 2026.  Plaintiff Ari Baruch Teman ("Plaintiff") moves to

disqualify Cristina R. Yannucci ("Yannucci") and the law firm of Lewis Brisbois Bisgaard &

Smith LLP ("Lewis Brisbois") as counsel.  Dkt. No. 16.  Plaintiff also moves for a preliminary

injunction compelling the production of his client file.  Dkt. Nos. 15, 21, 25, 28.  For the reasons

that follow, Plaintiff's motions are denied.

Plaintiff is an individual who retained the law firm Zeldes, Needle & Cooper LLP

("ZNC"), and its partner Jeremy Virgil ("Virgil") to assert claims for medical malpractice.  Dkt.

No. 1 ¶ 12.  Plaintiff ultimately brought two cases—a case in New York State Supreme Court

captioned *Teman v. Braverman*, Index Number 805410/2014 (the "*Braverman* Matter") and a

case captioned *Silver Hill Hospital, Inc. v. Teman* ("the *Silver Hill* matter").  *Id.* ¶ 97; Dkt. No.

15 at 4.[1]  The *Braverman* matter was dismissed for failure to prosecute.  The *Silver Hill* matter

was settled for a payment to Plaintiff in the amount of approximately $80,000.  Dkt. No. 1 ¶ 19.

---

[1] Plaintiff references Connecticut judges but does not identify in which court the *Silver Hill*
matter was filed.  Dkt. No. 1 ¶ 97.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/09/2026

In a separate lawsuit in this Court, Plaintiff has alleged that ZNC committed malpractice in the *Braverman* matter.  ZNC is represented in that matter by Yannucci and Lewis Brisbois as well as by Sam Cohen ("Cohen") who is an attorney with that same law firm.  *Id.* ¶¶ 11–13.  In this case, Plaintiff alleges that ZNC, Lewis Brisbois, MedPro Group Inc. ("Medpro"), Attorney Protective, Silver Hill Hospital, Inc. ("Silver Hill"), and Danaher Lagnese, P.C., as well as attorneys with ZNC, Medpro, and Lewis Brisbois violated the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and Section 2 of the Sherman Act, 15 U.S.C. § 2,  and committed various state law torts, by coercing him to settle the *Silver Hill* matter and by withholding from him his client file.  The alleged refusal to provide Plaintiff his client file is described as "Core Conduct."  *Id.* at 5.

In the motion at Dkt. No. 16, Plaintiff argues that Yannucci should be disqualified as counsel in this case because she is a fact witness with respect to the "contested issue" of the production of Plaintiff's client file and that the basis for her disqualification should be imputed to Lewis Brisbois.  Dkt. No. 16 at 4.  That motion is without merit.

Disqualification motions are committed to the discretion of the district court.  *See Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994); *SEC v. Thurlow*, 2024 WL 5245008, at *2 (S.D.N.Y. Dec. 30, 2024).  "The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'"  *Hempstead Video, Inc. v. Inc. Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)).  "In deciding whether to disqualify an attorney, a district court must balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'"  *GSI Com. Sols., Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir. 2010) (quoting *Hempstead Video*, 409 F.3d at 132).  In general,

"motions to disqualify counsel are disfavored and subject to a high standard of proof, in part because they can be used tactically as leverage in litigation." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010). The Second Circuit has held that "with rare exceptions," disqualification motions should be granted "only in essentially two kinds of cases: (1) where an attorney's conflict of interests in violation of Canons 5 and 9 of the Code of Professional Responsibility undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, for example, in violation of Canons 4 and 9, thus giving his present client an unfair advantage." *Nyquist*, 590 F.2d at 1246. "[U]nless an attorney's conduct tends to 'taint the underlying trial' . . . by disturbing the balance of the presentations in one of the two ways indicated above, courts should be quite hesitant to disqualify an attorney." *Id.* (quoting *W.T. Grant Co. v. Haines*, 531 F.2d 671, 678 (2d Cir. 1976)). "Any doubt should be resolved in favor of disqualification . . . but the party seeking disqualification must carry a heavy burden . . . and meet a high standard of proof before a lawyer is disqualified." *Twin Lab'ys, Inc. v. Weider Health & Fitness*, 1989 WL 49368, at *4 (S.D.N.Y. May 4, 1989) (internal citations and quotations omitted).

"The advocate-witness rule can serve as grounds for disqualification." *City of Almaty, Kazakhstan v. Sater*, 2025 WL 2263814, at *5 (S.D.N.Y. Aug. 6, 2025). Rule 3.7(a) of the New York Rules of Professional Conduct provides that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." N.Y. Rules Pro. Conduct R. 3.7(a). "Disqualification under Rule 3.7(a) 'is triggered only when the attorney actually serves as an advocate before the jury.'" *O'Rear v. Diaz*, 2024 WL 3983363, at *6 (S.D.N.Y. Aug. 29, 2024) (quoting *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d

368, 373 (E.D.N.Y. 2010)).  "Additionally, disqualification is warranted only where the testimony given by counsel is necessary." *Id.*  Finally, "[w]here the only party who proposes to call the attorney is the adversary moving for disqualification, courts rightly review such motions with care and the claimed need for the witness's testimony as potentially a tactical ploy." *Id.*

The motion to disqualify Yannucci is frivolous.  She is not a necessary witness to any disputed fact relevant to this case.  It is undisputed that Plaintiff is entitled to his client file under New York law.  *See Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 689 N.E.2d 879 (N.Y. 1997).  In addition, as a general matter, "unless a law firm has already been paid for assemblage and delivery of documents to the client, performing that function is properly chargeable to the client under customary fee schedules of the firm, or pursuant to the terms of any governing retainer agreement." *Id.* at 883.  Because there is no basis to conclude that Yannucci is a relevant necessary witness, there is no basis to disqualify Lewis Brisbois.

In the motions at Dkt. Nos. 15, 21, 25, 28, Plaintiff seeks an order compelling ZNC to turn over his client file.  Counsel represents that the client file has been produced in discovery in the related matter, *Teman v. Zeldes, Needle & Cooper, LLC*, Case No. 24-cv-9830 (S.D.N.Y. filed Dec. 19, 2024).  Dkt. No. 26.  Plaintiff disputes the adequacy of that production.  Dkt. No. 27.  The Court addressed the dispute over the client file through the order entered in that case yesterday.  *Teman v. Zeldes, Needle & Cooper, LLC*, Case No. 24-cv-9830, Dkt. No. 106 (S.D.N.Y. filed Dec. 19, 2024).  The motions in this case accordingly are denied.  There is no exigency to the request and Plaintiff has identified no irreparable harm.

Discovery in this case is stayed pending the Court's disposition of the anticipated motions to dismiss, except with respect to any discovery issues related to the client file.

Plaintiff has additionally filed a motion to cure his deficient payment of the filing fee.

4

Dkt. No. 7.  At the conference on June 8, 2026, the Court directed Plaintiff to pay the filing fee in full by June 12, 2026.  Plaintiff has since informed the Court that he paid the correct filing fee, as reflected on the docket entry for May 18, 2026.  Dkt. No. 33.  His motion to correct the deficient payment is therefore denied as moot.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 7, 15, 16, 21, 25, 28, and 33.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: June 9, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

5