DOCKET NO.: FST-CV14-6022274-S     :     SUPERIOR COURT

SILVER HILL HOSPITAL, INC.     :     J.D. OF NORWALK/STAMFORD

v.     :     AT STAMFORD

ARI TEMAN     :     MARCH 6, 2017

## DEFENDANT'S REQUEST FOR LEAVE TO AMEND ANSWER, SPECIAL DEFENSES AND COUNTERCLAIMS

Pursuant to P.B. §10-60(a)(3), defendant hereby requests leave to amend, in accordance with the attached Fifth Amended Answer, Special Defenses and Counterclaims. See Exh. A.

COUNTERCLAIM DEFENDANT
ARI TEMAN

By:_____/s/_____
           Jason T. Prueher

           Zeldes, Needle & Cooper, P.C.
           1000 Lafayette Blvd., 5th Floor
           Bridgeport, CT 06604
           Tel: (203) 333-9441
           Fax: (203) 333-1489
           Email: jprueher@znclaw.com
           Juris No. 69695

His Attorneys

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was efiled with the court with the original and proof of filing retained in my records, and a true copy of the foregoing was sent via sent via electronic mail and/or U.S. first-class mail, postage prepaid, on this date to:

Ilyssa Kelson, Esq.
Danaherlagnese PC
21 Oak Street, Suite 700
Hartford, CT 06106
*Tel: 860.247.3666*
*Fax: 860.547.1321*
*Email: ikelson@danaherlagnese.com*
*(Attorney for Silver Hill Hospital, Inc.)*

Mark Sank, Esq.
Sara M. Gould, Esq.
Mark Sank & Associates, LLC
666 Glenbrook Road
Stamford, CT 06906
*Tel.: (203) 967-1190*
*Fax: (203) 967-1195*
*Email: mark@marksank.com*
*Email: sara@marksank.com*

Dated at Bridgeport, Connecticut on this 6th day of March, 2017.

/s/
Jason T. Prueher

2

# EXHIBIT A

DOCKET NO.: FST-CV14-6022274-S          :          SUPERIOR COURT

SILVER HILL HOSPITAL, INC.               :          J.D. OF NORWALK/STAMFORD

v.                                        :          AT STAMFORD

ARI TEMAN                                 :          MARCH 6, 2017

## FIFTH AMENDED ANSWER, SPECIAL DEFENSES, AND COUNTERCLAIMS

1.     Plaintiff denies paragraphs 1-3 alleged in the Complaint.

## SPECIAL DEFENSES

2.     As and for a first special defense, Plaintiff's Complaint is barred by the doctrine of fraudulent inducement. Plaintiff, a health care provider owing Defendant a duty of care, knowingly and intentionally defrauded Defendant by: (1) making a false representation of the scope and benefit of the medical services provided; and (2) knowingly selling Defendant medical services under the false impression that his insurance would pay for it.

3.     As and for a second special defense, Plaintiff's complaint is barred by the doctrine of unclean hands. Plaintiff, a healthcare provider owing Defendant a duty of care, knowingly and intentionally coerced Defendant into accepting unnecessary medical services in an obvious attempt to increase Defendant's bill.

4.     As and for a third special defense, Defendant is not responsible to Plaintiff for unpaid medical bills, as Defendant's father, David Teman, signed an authorization form agreeing to be held liable to Plaintiff for the payment of medical services that

Plaintiff rendered to Defendant that were not covered under Defendant's health insurance.

## COUNTERCLAIMS

1.    On or about June 4, 2012, Defendant was presented to Plaintiff Silver Hill as per the instructions of Dr. Eric Braverman, M.D., ("Dr. Braverman") Defendant's treating physician at the time.

2.    From on or about September 15, 2011 to on or about June 4, 2012, Defendant had been treating with Dr. Braverman for symptoms of sleep apnea, severe fatigue, shaking and the feeling of electrical shock.

3.    Dr. Braverman knowingly and intentionally defrauded Defendant by withholding the results of an October 2011 sleep study, by wrongfully and/or intentionally diagnosing him with borderline personality disorder and other psychiatric disorders, by continuing to render unnecessary medical services in an effort to profit off of Defendant's debilitated mental and physical state.[1]

4.    Further, in or about May, 2012, Dr. Braverman contacted Defendant's parents, who resided in Israel, and falsely informed them that Defendant was suffering from borderline personality disorder, which is a mental health condition in which a person has long-term patterns of unstable or turbulent emotions.

---

[1]    On or about November 7, 2014, Defendant filed an action alleging *inter alia* medical malpractice and fraud against Dr. Braverman and his medical practice titled *Ari Teman vs. Eric Braverman, MD., Richard Smayda, D.O., Sandip Buch, MD., Anupama Reddy, MD., Path Medical, P.C., Darya Braverman, and Total Health Nutrients* in the Supreme Court of the State of New York, New York County, Index No. 805410/2014. Defendant requests the Court take judicial notice of this action.

2

5.    Dr. Braverman advised Defendant's parents that he would refuse to treat Defendant unless he went to receive treatment at Plaintiff Silver Hill.

6.    Thereafter, Dr. Braverman fraudulently ordered Defendant into a intensive psychiatric behavior therapy program, the dialectical behavior therapy program ("DBT program"), administered by Plaintiff Silver Hill, without the proper diagnosis warranting the program. According to the National Alliance on Mental Illness, a DBT program a therapy program created for the treatment of chronically suicidal and self-injurious individuals with borderline personality disorder.

7.    Defendant never exhibited long-term patterns of emotional instability so as to be diagnosed with borderline personality disorder.

8.    As per the instructions of Dr. Braverman, on June 4, 2011, Defendant was brought to Plaintiff Silver Hill by Rabbi Levi Shmotkin and Defendant's sister for admission into the DBT program.

9.    Defendant objected that he did not suffer from borderline personality disorder to Dr. Braverman and to the staff at Plaintiff Silver Hill, and to his parents, who were mislead by Dr. Braverman.

10.    Nevertheless, both Dr. Braverman and the medical staff of Plaintiff Silver Hill stated to Defendant and his parents (via telephone communications) that the DBT program would help to alleviate Defendant's medical problems.

11.    *(withdrawn)*

12.    Defendant's father, David Teman, who was in Israel at the time Defendant was admitted into Plaintiff Silver Hill on June 4, 2012, paid for Defendant to receive treatment at Silver Hill Hospital and undergo the DBT program.

3

13. Further, Defendant's father signed an authorization form agreeing to be held liable to Plaintiff Silver Hill for the payment of services that were rendered by Plaintiff Silver Hill and not covered under Defendant's health insurance.

14. Plaintiff Silver Hill misrepresented to Defendant's father that Defendant's health insurance would pay for the inpatient program, when it would not.

15. The initial intake procedure of the Plaintiff Silver Hill mislead the Defendant as to the nature of the services. Plaintiff Silver Hill represented that the Defendant would be inpatient for one night, and then in the DBT program for 30 days. Instead, Plaintiff Silver Hill kept Defendant under lockdown as an in-patient for over a week.

16. From June 4, 2012 to June 11, 2012, Defendant was under the care of the medical staff of Plaintiff Silver Hill.

17. *(withdrawn).*

18. *(withdrawn).*

19. *(withdrawn).*

20. *(withdrawn).*

21. *(withdrawn).*

22. *(withdrawn).*

23. *(withdrawn).*

24. *(withdrawn).*

25. *(withdrawn).*

26. *(withdrawn).*

4

27.   Defendant attempted to leave Plaintiff Silver Hill, but they put the Defendant on lockdown which prevented the Defendant from leaving.

28.   *(withdrawn).*

29.   Defendant was also assaulted and threatened by the staff of Plaintiff Silver Hill.

30.   Defendant was struck in his genital areas by one of the staff member of the Plaintiff Silver Hill.

31.   Plaintiff Silver Hill allowed one of its staff members to enter into the room of the Defendant while another staff member blocked the ability of anyone to pass by and any of the cameras to see as a staff member struck the Defendant in the genitals in a slow stroking motion and the staff member stated in a harsh tone that "Nobody will believe you. Now shut up and do what you are told when I tell you."

32.   *(withdrawn).*

## AS AND FOR A FIRST COUNTERCLAIM
### (NEGLIGENCE)

33.   *(withdrawn).*

34.   *(withdrawn).*

35.   *(withdrawn).*

36.   *(withdrawn).*

37.   *(withdrawn).*

38.   *(withdrawn).*

39.   *(withdrawn).*

40.   *(withdrawn).*

5

41.    (withdrawn).

## AS AND FOR A SECOND COUNTERCLAIM
## (ASSAULT AND BATTERY)

42.    Defendant incorporates the allegations of paragraphs 1-41 as though fully set forth herein.

43.    Plaintiff Silver Hill has committed an assault as stated in Connecticut as an unsuccessful attempt to harm another which in this case is the Plaintiff.

44.    Plaintiff Silver Hill has committed a battery as defined by Connecticut law as a physical act of harming another person.

45.    As a proximate results of Plaintiff Silver Hill's conduct alleged herein, Defendant has been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD COUNTERCLAIM
## (FALSE IMPRISONMENT)

46.    (withdrawn).

47.    (withdrawn).

48.    (withdrawn).

49.    (withdrawn).

50.    (withdrawn).

51.    (withdrawn).

52.    (withdrawn).

53.    (withdrawn).

54.    (withdrawn).

55.    (withdrawn).

6

## AS AND FOR A FOURTH COUNTERCLAIM
### (FRAUD)

56.    *(withdrawn)*.

57.    *(withdrawn)*.

58.    *(withdrawn)*.

59.    *(withdrawn)*.

60.    *(withdrawn)*.

61.    *(withdrawn)*.

62.    *(withdrawn)*.

63.    *(withdrawn)*.

64.    *(withdrawn)*.

65.    *(withdrawn)*.

66.    *(withdrawn)*.

67.    *(withdrawn)*.


## AS AND FOR A FIFTH COUNTERCLAIM
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

68.    *(withdrawn)*.

69.    *(withdrawn)*.

70.    *(withdrawn)*.

71.    *(withdrawn)*.

72.    *(withdrawn)*.

**WHEREFORE**, Defendant demands judgment against Plaintiff as follows:

    a.    *(withdrawn)*;

    b.    on the second Counterclaim cause of action, granting Defendant judgment for assault and battery, together with compensatory and punitive damages in an amount to be determined at trial;

    c.    *(withdrawn)*;

    d.    *(withdrawn)*;

    e.    *(withdrawn)*;

    f.    for attorney's fees and costs of suit, unilaterally to Defendant; and

    g.    for any such different and further relief as this Court may deem just and proper.

COUNTERCLAIM DEFENDANT
ARI TEMAN

By:_____/s/_____
        Jason T. Prueher

        Zeldes, Needle & Cooper, P.C.
        1000 Lafayette Blvd., 5th Floor
        Bridgeport, CT 06604
        Tel: (203) 333-9441
        Fax: (203) 333-1489
        Email: jprueher@znclaw.com
        Juris No. 69695

His Attorneys

8

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was efiled with the court with the original and

proof of filing retained in my records, and a true copy of the foregoing was sent via sent

via electronic mail and/or U.S. first-class mail, postage prepaid, on this date to:

Ilyssa Kelson, Esq.
Danaherlagnese PC
21 Oak Street, Suite 700
Hartford, CT 06106
*Tel: 860.247.3666*
*Fax: 860.547.1321*
*Email: ikelson@danaherlagnese.com*
(Attorney for Silver Hill Hospital, Inc.)

Mark Sank, Esq.
Sara M. Gould, Esq.
Mark Sank & Associates, LLC
666 Glenbrook Road
Stamford, CT 06906
*Tel.: (203) 967-1190*
*Fax: (203) 967-1195*
*Email: mark@marksank.com*
*Email: sara@marksank.com*

Dated at Bridgeport, Connecticut on this 6th day of March, 2017.

_____/s/_____
Jason T. Prueher
