**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ari Baruch Teman, Plaintiff, | **Civil Action No.** 1:24-cv-09830 (LJL) |
| v. | |
| Zeldes Needle Cooper LLP (as "ZNC") | |
| Jeremy Virgil (As "Virgil"), | FIRST AMENDED COMPLAINT |
| Maximino Medina (As "Medina"), | **JURY TRIAL DEMANDED** |
| Richard A. Sarner ("Sarner"), | |
| Edward R. Scofield ("Scofield"), | |
| Lori A. DaSilva-Fiano ("DaSilva-Fiano"), | |
| Sabato "Sam" P. Fiano ("Fiano") , | |
| Richard D. Zeisler ("Zeisler"), | |
| Marie A. Casper ("Casper"), | |
| Robert S. Cooper ("Cooper"), | |
| Lisa C. Dumond ("Dumond"), | |
| Does 1-10 | |

---

## FIRST AMENDED COMPLAINT

Plaintiff Ari Baruch Teman ("Plaintiff" or "Teman"), for his First Amended Complaint, alleges as follows:

---

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states. Plaintiff Ari Baruch Teman is a citizen of the State of Florida. Defendant Zeldes Needle Cooper LLP is a limited liability partnership whose partners are citizens of states other than Florida.

2. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District.

## II. PARTIES

3. Plaintiff is an individual residing in Miami Beach, Florida.

4. Defendant Zeldes Needle Cooper LLP ("ZNC") is a law firm with offices at One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, NY 10165 and 1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604, that practices law in New York City, with attorneys regularly appearing in New York courts, including the Southern District of New York.

5. Defendant Jeremy Virgil is a partner at ZNC and practices law in New York, New York. Virgil regularly practices law in New York, including in the Southern District of New York, and from the ZNC offices at One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, NY 10165.

6. Maximo Medina ("Medina") is or was at the time of the alleged incidences a Managing Partner and resides at 140 Hickory Street in Bridgeport, Connecticut 06610

he following Defendants (collectively, with Virgil and Medina, they may be referred to as "ZNC Attorney Defendants", "ZNC Attorneys" or "ZNC lawyers" throughout this document) are attorneys at ZNC and actively participated in the misconduct alleged herein, including at or via the location One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, NY 10165 and/or at or through this, the Southern District of New York: Defendants **Jeremy Virgil, Maximino Medina, Jr., Richard Sarner,**

**Edward R. Scofield, Lori A. DaSilva-Fiano, Sabato P. Fiano, Richard D. Zeisler, Marie A. Casper, Robert S. Cooper, Lisa C. Dumond** (the "ZNC Attorney Defendants") are attorneys affiliated with ZNC at all relevant times.

7. Each ZNC Attorney Defendant participated in Plaintiff's representation, had actual or constructive notice of material developments, and owed Plaintiff independent fiduciary duties, as shown in Exhibits 1 and 2, and will be shown further through Discovery.

8. John/Jane Does 1–10 are additional attorneys or supervisory personnel whose identities will be confirmed in discovery.

9. At various times, additional attorneys affiliated with ZNC participated in Plaintiff's representation and had notice of material developments. Plaintiff reserves the right to seek leave to add such individuals as defendants if discovery demonstrates personal liability.

---

## III. FACTUAL ALLEGATIONS

### A. The Underlying Representation

8. In November 2014, Plaintiff commenced a medical malpractice action in New York Supreme Court (the "Underlying Action").

9. On May 4, 2015, Plaintiff retained ZNC, through Defendant Virgil, pursuant to a written engagement letter.

10. ZNC undertook representation on a contingency basis and represented to Plaintiff that the underlying medical malpractice action was meritorious and involved substantial damages, estimated at approximately $24 million. The ZNC Attorney Defendants were aware of the magnitude and value of the case through their involvement in the representation and through Plaintiff's communications.

---

### B. Firm-Wide Notice, Partner Discussion, and Joint Inaction

11. During the pendency of the Underlying Action, multiple ZNC attorneys—including partners—were copied on emails concerning discovery, depositions, and case status.

12. On **October 8, 2017**, Plaintiff sent an email to numerous ZNC attorneys regarding discovery and the litigation, copying Defendant Virgil.

    ○ **Exhibit 1** (Email dated October 8, 2017).

13. On that same date, Defendant **Maximino Medina, Jr.**, acting in his capacity as **Managing Partner of ZNC**, sent Plaintiff a written letter confirming that:
    ○ Plaintiff's October 6 and October 8 emails had been **received**;
    ○ The emails had been **circulated to firm partners**;
    ○ Defendant Virgil had **briefed him** regarding the matter.
    ○ **Exhibit 2** (Letter from Medina dated October 8, 2017; partially redacted).

14. These communications establish **actual, firm-wide notice** and **internal discussion** among ZNC and the ZNC Attorney Defendants.

15. Despite this notice and discussion, and other notice and discussion to be provided in Discovery, **no Defendant took action** to correct errors, respond to docket notices, advise Plaintiff, or take remedial steps to protect Plaintiff's interests.

16. Defendants received and *ignored* requests by counsel for the defendants in the Underlying Action to proceed, in addition to ignoring docket notices, emails from the defendant, and emails from other parties.

17. Defendants' conduct included failing to monitor and respond to critical docket entries, failing to respond to correspondence from opposing counsel and Plaintiff, and allowing the Underlying Action to default for failure to prosecute. Following the dismissal, Defendants pursued an appeal that was denied, leaving Plaintiff without any recovery. Defendants' failures occurred despite actual notice of the status of the case and repeated opportunities to act.

18. Defendants thereafter allowed the Underlying Action to default for failure to prosecute, resulting in dismissal with prejudice.

## Related Subject Matter and Notice Irrespective of Caption

19. At all relevant times, the matters involving Silver Hill Hospital and Dr. Eric Braverman arose from the same underlying course of medical treatment, involved overlapping facts, witnesses, medical records, and alleged misconduct, and concerned the same core injuries suffered by Plaintiff.

20. Defendants themselves treated these matters as related for purposes of litigation strategy, discovery, and decision-making. (Notice in Exhibit 1, Braverman is mentioned and the Braverman matter and strategy is

referenced. )

21. Accordingly, Defendants' receipt, circulation, and internal discussion of Plaintiff's communications concerning Silver Hill Hospital provided actual notice of material risks to Plaintiff's claims arising from the same subject matter, including the related New York medical malpractice action, regardless of caption, forum, or docket number. Such notice triggered Defendants' fiduciary duties to act to protect Plaintiff's interests.

**Expert Verification of Damages**

22. An expert retained by Plaintiff has analyzed the damages arising from Defendants' conduct and has prepared a written expert analysis quantifying Plaintiff's losses resulting from the dismissal of the Underlying Action.

23. Defendants were aware that the case involved substantial damages and that failure to prosecute would result in the loss of a valuable claim.

24. ZNC, Virgil, Medina, and the ZNC Attorney Defendants failed to disclose conflicts of interest and failed to obtain Plaintiff's informed consent to continue the representation. Defendants further failed to take action to protect Plaintiff's interests after receiving actual notice of material risks to the Underlying Action.

**No waiver of allegations or claims expressly permitted by the Court**

25. Plaintiff brings this First Amended Complaint in conformity with the Court's Memorandum and Order and does not intend to waive any claim, theory, or allegation that the Court expressly permitted to proceed.

---

**IV. CLAIMS FOR RELIEF**

**COUNT I**

**Legal Malpractice**

(Against ZNC and Jeremy Virgil)

17. Plaintiff incorporates by reference the allegations in paragraphs 1-25, as though fully set forth herein.

18. ZNC and Virgil owed Plaintiff a duty to exercise the ordinary reasonable skill and knowledge commonly possessed by members of the legal profession.

19. They breached that duty by failing to monitor the docket, respond to notices, and prosecute the Underlying Action.

20. As a direct and proximate result, Plaintiff lost a meritorious claim and suffered substantial pecuniary damages.

21. This claim survives for the reasons set forth in the Court's Memorandum and Order.

## COUNT II

## Breach of Fiduciary Duty (Duty of Loyalty)

(Against All Defendants)

22. Plaintiff incorporates by reference the allegations in paragraphs 1-25, as though fully set forth herein.

23. Each Defendant owed Plaintiff fiduciary duties of **loyalty, candor, and honest dealing**, independent of duties of care sounding in malpractice.

24. Defendants had **actual notice** of material risks to Plaintiff's claims, as demonstrated by Exhibits 1 and 2.

25. Despite firm-wide notice and internal discussion, Defendants **collectively and individually failed to act**, disclose, or protect Plaintiff's interests.

26. Defendants' joint inaction following actual notice constitutes a breach of fiduciary duty distinct from negligence, including failure of loyalty and failure of disclosure.

27. Defendants' breach was a substantial factor in causing Plaintiff's damages.

28. This claim is **not duplicative** of malpractice because it is premised on **loyalty-based misconduct and post-notice inaction**, consistent with Judge Liman's ruling.

## V. DAMAGES

29. Plaintiff seeks compensatory damages equal to the value of the lost Underlying Action.

30. Plaintiff seeks disgorgement of fees to the extent permitted by law.

31. Plaintiff seeks interest, costs, and such other relief as the Court deems just.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a. Compensatory damages;
b. Disgorgement where appropriate;
c. Costs and interest;
d. Such other relief as the Court deems just and proper.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**s/Ari Teman/**

**Ari Baruch Teman**
Plaintiff, pro se

ari@teman.com

1521 Alton Road, #888, Miami Beach, FL 33139

**EXHIBIT 1 - All defendants copied on emails re: Teman matter**

## Questions (Draft) for Dr. Gelman (Silver Hill vs. Teman) ⅀



**Ari Teman** <ari@teman.com>                    Sun, Oct 8, 2017, 9:16 PM   ☆   ↩   ⋮

to Leslie, Michael, mcasper, jcessario, rcooper, sfiano, rzeisler, jverrillo, escofield, rsaraco, David, rpacelli, cneedle, c ▾

In the event Silver Hill is dumb enough to go to trial, here are questions you can ask Gelman. Also attached is his deposition. This is a strong case, and he admits to a number of major things.

- that I attempted to escape,
- that he entered my bedroom,
- that I never made a suicide attempt in my life (and that the improper drugs caused the suicidal ideation)
- that he doesn't study for tests, fill out forms, read journals, teach, or any way prepare or invest time in his work

- that he kept me controlled for fear I would email or "facebook blog" about caretakers (and it's our argument that Braverman sent me there to quiet me after I accused him of being a quack and demanded my money back (for which there is an email trail). This is the PTSD -- that they removed all freedom and agency and kept me locked in the room.

I would ask and suggest that seasoned partners from the firm join Jeremy in helping to prepare and review.

I am sorry we're at this point where I'm being a bit forceful in demanding your efforts, but I think you can understand a client's concern in learning the lead attorney has disappeared without notice 2 business days before trial AND failed to inform a key witness (Nachum Klar) that the trial would be on a Jewish Holiday. That still need to be addressed.

Please let me know how I can be helpful.

Thanks,
Ari

Ari Teman
Founder | Teman
We make Real Estate proactive with Artificial Intelligence
212-203-3714
106 W 32nd Street, NYC
https://teman.com

**EXHIBIT 2 - MEDINA / ZNC LETTER TO TEMAN**

### ZELDES, NEEDLE & COOPER

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
1000 LAFAYETTE BLVD.
POST OFFICE BOX 1740
BRIDGEPORT, CONNECTICUT 06601-1740

TELEPHONE (203) 333-9441
FAX (203) 333-1489

JACOB D. ZELDES
(1929-2013)

Maximino Medina, Jr. Esquire
Direct Dial:  (203) 332-5733
E-Mail:  mmedina@znclaw.com

October 8, 2017

Mr. Ari Teman
106 W 32nd Street
New York, NY 10001
ari@teman.com

*Re: Silver Hill Hospital Inc. v. Teman*

Dear Mr. Teman,

I am the Managing Partner of Zeldes, Needle & Cooper, P.C. ("ZNC") and I have been provided copies of your October 6, 2017 email to many of my partners and your October 8, 2017 email to Jeremy Virgil.  Jeremy has also briefed me on the conversation he had with you on October 6, 2017.

This correspondence is not intended to be an item by item rebuttal of the statements or arguments you have made in the aforementioned communications.  With this correspondence, ZNC informs you that:

**CERTIFICATE OF SERVICE**

I hereby certify that on Jan 18, 2026, I caused the foregoing First Amended Complaint to be filed with the Clerk of the Court via the Southern District of New York's "Temporary Pro Se Email" Filing procedure. Upon docketing, service will be effected electronically upon all counsel of record via the Court's ECF system.

I further certify that on the same date, I transmitted a courtesy copy of the First Amended Complaint by email to counsel for Defendants.

Dated: JAN 18, 2026

Respectfully submitted,

s/Ari Teman/

Ari Baruch Teman
Plaintiff, pro se