# EXHIBIT H

LEWIS BRISBOIS

Cristina R. Yannucci
140 Broadway, Suite 3100
New York, New York 10005
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

June 22, 2026 File No. 47558.92

**VIA EMAIL**
ARI TEMAN
1521 Alton Road, #888
Miami Beach, Florida 33139
Email: ari@teman.com

Re: *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil*
United States District Court, Southern District of New York, Case No. 1:24-cv-09830

Dear Mr. Teman:

Pursuant to the Court's June 9, 2026 Order, please allow this to confirm that we are in receipt of your letter, served by email on June 8, 2026 and June 18, 2026. Therein, you request production of your "full client file [….] for any and all matters relating to [you], [your] entities, and entities related to [you] […] includ[ing] but not limited to, the Silver Hill cases (all), the Braverman/PATH cases (all, in both Connecticut and New York), Buch, and United States v. Teman," and "documents not related to any particular case but concerning [you] or [your] entities." Kindly allow this letter to respond to your request in accordance with the Court's June 9, 2026 Order.

Zeldes, Needle & Cooper, P.C. ("ZNC") only provided you with legal representation in two litigations, namely: (1) *Ari Teman v. Eric Braverman, M.D., Richard Smayda, D.O., Sandip Buch, M.D., Path Medical, P.C., Darya Braverman, and Total Health Nutrients*, Supreme Court of the State of New York, County of New York, Index No. 805410/2014 ("Path/Braverman Action"); and (2) *Silver Hill Hospital, Inc. v. Ari Teman*, Supreme Court of the State of Connecticut, Stamford/Norwalk Judicial District, Case No. FST-CV14-6022274-S ("Silver Hill Action"). The scope of ZNC's retention and legal representation is reflected in the governing May 4, 2025 retainer agreement, a copy of which is annexed as **Exhibit A**. Therein, you "agree[d] to employ [ZNC] to represent [you] in [your] claim for personal injuries […] against Silver Hill Hospital, Inc. in the Superior Court of Connecticut and Eric Braverman, M.D.; Richard Smayda, D.O.; Sandip Buch, M.D.; Anupama Reddy, M.D.; Path Medical, P.C.; Darya Braverman, and Total Health Nutrients in the Supreme Court of the State of New York."

In your letter, you request "the files as maintained in the ordinary course of business" for (1) "related matters" to "Teman v. Braverman/PATH"; (2) "Silver Hill Matters, including […] related proceedings, investigations, and communications"; (3) "Buch v. Teman"; (4) "United States v. Teman"; (5) "[a]ny other matters in which ZNC represented, advised, communicated with,

investigated, maintained records concerning, or […] relating to [you]"; and (6) matters "not related to any particular case but concerning [you] or [your] entities." However, ZNC never represented you in any legal matter or proceeding beyond the PATH/Braverman and Silver Hill Actions.

Reference is made to **Exhibit B** relative to the matter styled, *Dr. Sandip Buch v. Arie Teman*, New York State Supreme Court, County of New York, Index No. 157336/2018. ZNC never appeared or made filings on your behalf in said action. Reference is also made to **Exhibit C** relative to the matter styled *United States of America v. Ari Teman*, United States District Court, Southern District of New York, Case No. 1:29-cr-0696-PAE. ZNC never appeared or made filings on your behalf in said action. Accordingly, ZNC will produce records maintained in the ordinary course of business as part of its legal representation of you in the PATH/Braverman and Silver Hill Actions.

In your letter, you acknowledge that your "request [is] for [your] client files and client property" and "is not a discovery request" governed by litigation discovery. Despite this acknowledgement, you assert burdensome and unreasonable demands which go beyond ZNC's obligations to you as your former counsel. Specifically, you request, "without limitation," (1) "documents maintained by "any current or former attorneys, paralegals, assistants, contractors, litigation-support personnel, records custodians, or other firm personnel who worked on, possessed, maintained, received, transmitted, reviewed, or stored materials"; (2) "[c]onflict-check records"; (3) "[c]ommunicaitons with […] insurers, and [unspecified] third parties; (4) all "materials maintained in or transmitted through Gmail, Outlook, Exchange, Microsoft 365, SMS, MMS, iMessage, WhatsApp, Signal, Slack, Microsoft Teams, Zoho, case-management systems, docketing systems, document-management systems, cloud-storage systems, backup systems, and any other repository used in connection with [your] matters"; and (5) documents "in the possession, custody, or control of former employees of any kind, including attorneys, paralegals, and staff, who worked on or had access to materials relating to [your] representation," including "any matter-related communications, notes, records, logs, archives, or other materials created, maintained, accessed, reviewed, or transmitted in connection with [your] representation." In addition, you improperly request that ZNC go beyond producing your client files, and independently identify in writing (1) "each current or former attorney, paralegal, assistant, records custodian, contractor, vendor, consultant, or other individual believed to possess, have possessed, or have had access to any portion of my client files"; (2) "[e]ach repository searched" and "not searched; (3) "[e]ach custodian whose files were searched" and "not searched"; (4) "[a]ny category of material that Defendants contend is not part of the client file" (although this request is directed solely at ZNC outside its capacity as a defendant in litigation); and (5) "[a]ny category of material that has been deleted, lost, destroyed, archived, or is otherwise unavailable."

New York Rule of Professional Conduct 1.15(d)(3) permits client file records to be maintained and furnished as "photocopies, microfilm, optical imaging, and any other medium that preserves an image of the document." Moreover, NYSBA CPE Opinion 1142 (January 5, 2018) provides that "except where original documents have particular evidentiary or similar value, a lawyer is not required to maintain the client file in any particular form. N.Y. State 940 ¶ 12 (2012) (except for 'documents such as wills, deeds, contracts, and promissory notes' or other documents whose legal effect or evidentiary value may be impaired by destroying originals, 'the Rules permit electronic copies to be kept in lieu of paper 1 originals')." Opinion 1142 further provides that "the lawyer must take reasonable measures to deliver the electronic documents in a form in which the client can access

them." Accordingly, ZNC agrees to produce the records it maintained in the ordinary course of business as part of its legal representation of you in the PATH/Braverman and Silver Hill Actions, with the exception of those that are not required to be produced in accordance with governing rules, as follows: (1) production of your entire client file, with reproduction of all records previously produced in discovery, as requested; (2) production of your entire client file in native format as maintained by ZNC in the ordinary course of business, with the exception of documents that require redaction on the basis of attorney-client privilege (i.e., if certain documents reference other legal clients), as requested; (3) a second production of your entire client file in PDF format with Bates numbering, so that the content of your client file can be tracked and identified; and (4) all documents being produced through a shared repository link reasonably accessible.

Finally, pursuant to this Court's June 9, 2026 Order, "Defendants shall respond [to your letter] by June 22, 2026 indicating the cost for production of the documents" contained within your client file. (ECF Doc No. 106). Opinion 2010-1 provides that "[a] lawyer may charge the client 'customary fee schedules' for gathering and producing records to a client," and that same has been applied "to e-data retrieval and production, finding that the reasonableness of such fees will depend on the circumstances, including the need for engaging third parties to assist in the work and the accessibility of the e-data."

ZNC employed substantial effort in assembling, consolidating, scanning, processing, and transmitting both your physical and electronic files, as you requested all documents be produced in electronic format. ZNC requests payment for incurred and anticipated eDiscovery vendor costs. To date, the following costs have been incurred: (1) ESI processing data ingestion: $529.69 (for 21.1874 GB of data at a rate of $25.00 per GB); (2) ESI processing data export to hosting/production platform: $1,849.51 (for 20.5501 GB at a rate of $90.00 per GB);[1] and (3) preliminary project management billable hours recorded by the eDiscovery vendor: $675 (3 hours for ingestion of native and scanned files produced by ZNC, processing of received documents to upload to hosting/production platform, etc. at a rate of $225 per hour). ZNC will not request hosting charges, and ZNC's eDiscovery vendor has agreed to waive the following costs: (1) $150 per GB outgoing production costs;[2] (2) administration billable hourly production management costs. ZNC's eDiscovery vendor has estimated that producing your entire client file will require an additional 5 to 6 hours of project management time at a rate of $225 per hour, with estimated costs in the range of $1,125 to $1,350.

In light of the aforementioned, ZNC's production costs are estimated to be in the range of **$4,179.20 to $4,404.20**. Kindly advise if you agree to ZNC's proposed production specifications, and if you agree to pay for the production costs incurred by ZNC's retained eDiscovery vendor. As per your request, if you agree to ZNC's proposed production specifications, but dispute or refuse to pay production costs, ZNC will produce your client files prior to resolution of said dispute, which may require judicial intervention, including but not limited to the conditions set by the Court's June 9, 2026

[1] No deduplication or removal of files occurred. Rather, the file size reduced due to extracted text and metadata being hosted into a load file format on the hosting/production platform.

[2] For context, ZNC's initial discovery production, including imaged documents, amounted to approximately 16.8GB.

Order: “The Court reserve[d] judgment on whether [you] must pay for production of the client file.” (EF Doc. No. 106, pp. 2-3).

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

CRY
/Enclosure