# EXHIBIT R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

19 Cr. 696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court today held a conference for the purpose of arraigning defendant Ari Teman on the two specifications that the United States Probation Department has brought against him in its violation report dated June 12, 2025. The violations charged include a failure to abide by travel restrictions, in that Teman did not return to the United States by June 1, 2025, as the Court had directed in numerous orders. *See* Dkt. 560 (June 16, 2025 order, scheduling arraignment and citing prior orders).[1]

Despite ample notice of this conference, Teman did not appear. The Court accordingly adjourned the conference without arraigning Teman. The Court will arraign Teman at a future conference, to be scheduled following his apprehension or surrender.

In light of Teman's failure to appear for today's arraignment and his apparent failure to return to the United States by June 1, 2025, as directed, Teman qualifies as a fugitive under Second Circuit case law. *See United States v. Zedner*, 555 F.3d 68, 76 (2d Cir. 2008) (finding defendant a fugitive and applying fugitive-disentitlement doctrine to bar defendant's claims

[1] The United States Court of Appeals for the Second Circuit dismissed as frivolous Teman's *pro se* appeals of the Court's orders directing him to return. *See United States v. Teman*, No. 25-452-cr (2d Cir. June 3, 2025), Dkt. 38.1 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

where a condition of his supervised release was that he not leave the district without permission of the district court; he was given permission to leave the United States for no more than two weeks; and did not return by the deadline the court had set); *see also id.* ("[T]he fugitive from justice has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim."); *Degen v. United States*, 517 U.S. 820, 823 (1996) (similar). The Court reminds Teman, *see* Dkts. 541, 560, that a defendant's fugitivity serves to toll the running of his supervised-release term. *See United States v. Barinas*, 865 F.3d 99, 109 (2d Cir. 2017); *United States v. Buchanan*, 638 F.3d 448, 455 (4th Cir. 2011); *United States v. Delamora*, 451 F.3d 977, 978 (9th Cir. 2006). However, during his fugitivity, Teman remains bound by his conditions of supervised release, and a violation of these can have serious consequences. As the Second Circuit has put the point:

> When a defendant absconds while on supervised release, his absence precludes the sentencing court from exercising supervision over him. Tolling is necessary in that instance to ensure that, upon being apprehended, the defendant will be subject to judicial supervision for a complete term. However, that does not mean that a defendant who has absconded thereby nullifies the terms and conditions of the supervised release order during his flight. Rather, the terms and conditions remain in effect, and the fugitive-defendant is not at liberty to embark on a "holiday" from them. To the extent that this result may seem harsh, it is the defendant's own misconduct which creates it.

*Barinas*, 865 F.3d at 109 (quoting *Buchanan,* 638 F.3d at 458). This rule derives from "the traditional principle that an absconder should not benefit from his fugitivity." *Id.*

Relatedly, Teman has recently filed separate actions, one under 42 U.S.C. § 1983 and the other under 28 U.S.C. § 2241, which challenge, *inter alia*, the condition of supervised release requiring his return to the United States. These actions have been transferred to this Court. *See Teman v. U.S. Probation Serv.*, 25 Civ. 4699 (PAE) (filed June 1, 2025 in S.D.N.Y.) (*pro se* action under § 1983); *Teman v. United States*, 25 Civ. 5424 (PAE) (filed June 4, 2025 in S.D. Fla.) (counseled action under § 2241). In a separate order to be issued shortly on the dockets of these

cases, the Court will address the implications for these matters of the fugitive-disentitlement doctrine. *See United States v. Morgan*, 254 F.3d 424, 426 (2d Cir. 2001) (doctrine gives courts "discretion to refuse to rule on the merits of a defendant's postconviction claims of trial error when the defendant has fled from justice"); *Bagwell v. Dretke*, 376 F.3d 408, 412 (5th Cir. 2004) (similar); *Lopez v. Malley*, 552 F.2d 682, 683 (10th Cir. 1977) (similar).

The Court again encourages Teman, in strong terms, to consult counsel with respect to his supervised release obligations and the consequences of non-compliance and fugitivity. Teman is presently represented by three separate retained counsel: in (1) his pending appeal to the Second Circuit of this Court's denial of his Rule 33 motion, (2) his recently resolved Section 2255 petition claiming ineffective assistance of trial counsel, and (3) his recently filed petition under Section 2241. The Court's assessment is that the guidance of seasoned counsel would assist Teman with respect to the pending supervised release violation charges and his fugitivity.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: July 7, 2025
New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

United States of America,
v.
Ari Teman

Case No. 1:19-cr-00696-PAE

## DEFENDANT'S MOTION TO VACATE CONVICTION AND FOR RELIEF FROM JUDGMENT PURSUANT TO RULES 29, 33, AND 60(b), AND 28 U.S.C. § 2255

## INTRODUCTION

Defendant Ari Teman respectfully moves[1] this Court for an Order:

1. **Vacating the conviction pursuant to Rule 29** due to insufficient evidence of intent;
2. **Granting a new trial pursuant to Rule 33** based on newly discovered evidence;
3. **Granting relief from judgment pursuant to Rule 60(b) and 28 U.S.C. § 2255**; and
4. Granting such other relief as justice requires.

This motion is grounded in newly clarified and now indisputable facts demonstrating that a central theory used to establish criminal intent—that Defendant's actions surrounding Passover reflected an intent to exploit observant Jews—was false, impossible as a matter of law and practice, and contradicted by the subsequent conduct of the very actors who advanced it.

---

## OVERVIEW OF THE NEW EVIDENCE

The newly discovered evidence is straightforward but profound:

- Counsel representing Judge Engelmayer, acting through the Department of Justice, filed litigation papers **on the first day of Passover** in a related matter (Exhibit 1).

- This conduct demonstrates that **neither** the Government nor Judge Engelmayer actually believes that legal or financial actions during Passover constitute exploitation of observant Jews;

- This directly contradicts the theory advanced at trial and sentencing that similar timing by Defendant evidenced fraudulent intent.

[1] Defendant is currently in Tel Aviv where today is the first day of "Chol Hamoed" Passover, the Intermediary Days of Passover, where work is permitted (See Dkt. 326-1).

This is not merely impeachment evidence. It is **structural evidence that the Government's theory of intent was false**.

---

## LEGAL STANDARD

### Rule 29

A conviction must be vacated where no rational juror could find guilt beyond a reasonable doubt.

### Rule 33

A new trial is warranted where:

1. Evidence is newly discovered
2. It could not have been discovered earlier
3. It is material, not cumulative
4. It would likely produce an acquittal

### Rule 60(b) / § 2255

Relief is appropriate where:

- Judgment rests on incorrect factual premises
- Extraordinary circumstances undermine confidence in the outcome
- Constitutional violations affected the verdict

See *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

---

## ARGUMENT

---

### I. THE GOVERNMENT'S THEORY OF INTENT RESTED ON A FALSE PREMISE

At trial and sentencing, the Government argued—and the Court accepted—that:

- Defendant's submitting RCCs (telechecks) the day before Passover reflected an intent to exploit observant Jewish clients

This premise was central to the Government's narrative of intent.

However, the record now establishes that this premise is false.

Rabbinical authorities (Dkt. 326-1) confirmed:

- There was "not a shred of evidence" supporting such an inference
- Jewish law permits work and communication during Chol Hamoed
- The theory misrepresented Jewish practice

Yet, in contravention of *Klagsbrun v. Vaad Harabonim of Greater Monsey*, 53 F. Supp. 3d 732 (S.D.N.Y. 2014), which **prohibits** courts from adjudicating or mischaracterizing religious doctrine, the Court adopted and relied upon a demonstrably incorrect premise regarding Jewish law. Specifically, the Court concluded that (A) Mr. Teman's act of concluding business activities on the day preceding Passover reflected an intent to exploit observant Jewish clients, and (B) that the uniform position of twenty-four Orthodox ordained rabbis—who confirmed that Jewish law permits work, communication, and financial dispute resolution during the Intermediary Days of Passover ("Chol Hamoed")—was incorrect.

Based on this erroneous premise (the "False Passover Eve Theory"), the Court (1) upheld a conviction that depended, in part, on an inference of fraudulent intent drawn from religiously mischaracterized conduct, and (2) relied upon that same theory to impose a harsher sentence *and explicitly credited the now debunked Passover theory* for the extraordinarily harsh sentence for a first-time non-violent offender who had already spent 19 months in near solitary confinement for 20 hours per day during harsh COVID lockdowns, thousands of miles from his elderly parents and loved ones.

Because this theory is now shown to be factually incorrect, legally unsustainable, and contradicted both by authoritative religious sources **and by the subsequent conduct of the Government and the Court,** the resulting conviction and sentence cannot stand.

Accordingly, the Court should:
(a) vacate the conviction;
(b) order a new trial at which the Government is precluded from offering or suggesting the "False Passover Eve Theory" or any similar argument premised on misstatements of religious law; and
(c) vacate the sentence in its entirety.

---

## II. THE GOVERNMENT'S CONDUCT CONSTITUTES A JUDICIAL ADMISSION THAT LEGAL FILINGS DURING PASSOVER ARE NOT INHERENTLY EXPLOITATIVE

The newly discovered evidence—specifically the Department of Justice's filing on [Date], the first day of Passover—undermines the entire evidentiary theory of the prosecution.

1. Contradiction of Theory: If filing legal/financial documents during Passover is an "act of exploitation," the Government has now engaged in that exact behavior.

2. Negation of Intent: The Government cannot maintain that a private citizen's holiday filings are "fraudulent" while their own holiday filings are "standard procedure."

The newly discovered evidence is uniquely powerful because it comes from the same actors:

- The Department of Justice
- Counsel representing Judge Engelmayer
- Judge Engelmayer himself (via his counsel and with his consent)

By filing a motion on the first day of Passover, they demonstrated:

- They do not treat legal or commercial action during Passover as improper -- let alone the afternoon *before* Passover when GateGuard's clients still had *hours* of smartphone and computer use to get banking alerts.

- They do not believe such timing disadvantages observant Jews

- They do not believe such conduct constitutes exploitation of Observant Jews, which Defendant is (See 326-1, 501-1, 502-2, etc)

This is a direct contradiction of the theory used to convict Defendant.

A jury that saw the Judge, the Judge's Counsel, and the Government doing EXACTLY what they accused Teman of doing, would know that -- as the 24 Rabbis stated at 326-6 -- there was nothing wrong with Teman wrapping up his business on the eve of passover.

---

## III. THE THEORY OF "PASSOVER EXPLOITATION" IS IMPOSSIBLE AS A MATTER OF LAW AND PRACTICE

Even independent of the new evidence, the theory fails logically.

### A. Court Procedures

- Parties are afforded multiple days to respond
- Deadlines routinely span weekends and holidays
- Relief is available through extensions and reconsideration

### B. Religious Practice

- Work is permitted during Chol Hamoed
- Communications and dispute resolution remain available

### C. Banking Reality

- Transactions are not irreversible

- Disputes can be raised after holidays
- No immediate deprivation occurs

In this case:

- The Monday following the Friday transactions fell during Chol Hamoed
- Counterparties were fully able to respond

Thus, the premise of "exploitation" is not merely incorrect—it is **functionally impossible**.

---

## IV. RULE 29: THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW

Because the Government's theory of intent was flawed:

- No rational juror could find fraudulent intent beyond a reasonable doubt
- The conviction cannot stand

The elimination of this theory removes a key pillar of the Government's case.

---

## V. RULE 33: A NEW TRIAL IS REQUIRED

The newly discovered evidence satisfies all Rule 33 requirements:

- It was not previously available
- It is material, not cumulative
- It directly undermines the Government's theory
- It would likely produce an acquittal

A jury informed that:

- The Government itself acts inconsistently with its theory
- The theory is factually incorrect

would not convict.

---

## VI. RULE 60(b) AND § 2255: THE JUDGMENT IS FUNDAMENTALLY UNRELIABLE

The judgment rests on:

- A demonstrably incorrect factual premise

- A mischaracterization of religious practice

- A theory now contradicted by the Government's own conduct

This constitutes extraordinary circumstances requiring relief.

See *Townsend v. Burke*, 334 U.S. 736 (1948).

---

## VII. CORRECTION OF THE CONVICTION OR SENTENCE ELIMINATES ANY BASIS FOR FUGITIVE STATUS

Defendant has:

- Completed all custodial time
- Paid restitution
- Completed community service
- Completed more than 60% of supervised release

If the conviction or sentence is corrected:

- There is no remaining basis for fugitive disentitlement
- Continued application would be punitive and improper

Under *Degen v. United States*, 517 U.S. 820 (1996), disentitlement must be narrowly applied and cannot persist where its justification has dissipated.

---

## VIII. THE INTEGRITY OF THE PROCEEDINGS REQUIRES RELIEF

This case presents a rare alignment of factors:

- A central theory of intent proven false
- Religious mischaracterizations influencing judgment
- Subsequent conduct confirming the error

These factors together undermine confidence in the verdict.

## IX. RECUSAL IS REQUIRED UNDER 28 U.S.C. § 455

Defendant respectfully submits that recusal is required because the Court's ruling in this matter has a direct and immediate impact on separate litigation in which the presiding judge is a named defendant.

Judge Engelmayer is a defendant in *Teman v. Biale, et al.*, currently pending in this District. That action has been stayed pursuant to the fugitive disentitlement doctrine.

The relief sought in this motion—including vacatur or modification of the conviction and sentence—directly affects whether that doctrine can continue to apply. Specifically:

- Defendant has completed his custodial sentence, restitution, and community service, and has completed more than sixty percent of supervised release;
- If the conviction or sentence is vacated or corrected, there would be no remaining basis to characterize Defendant as a fugitive;
- As a result, the stay in *Teman v. Biale* would necessarily be lifted or subject to immediate challenge.

Accordingly, the Court's ruling here has a **direct, personal consequence** for separate litigation in which the Court is a named defendant.

Courts have consistently held that recusal is required where a judge's ruling may affect his personal interests in parallel litigation. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) (recusal required where a reasonable observer would question impartiality based on potential personal interests).

The issue is not whether the Court would, in fact, act with bias. Rather, the question is whether an objective observer could reasonably question impartiality where:

- The judge's ruling may determine whether litigation against him proceeds; and
- That consequence is immediate and non-speculative.

Under these circumstances, recusal is required to preserve public confidence in the integrity of the proceedings.

---

**RELIEF REQUESTED**

Defendant respectfully requests:

1. Vacatur of the conviction pursuant to Rule 29;
2. Alternatively, a new trial pursuant to Rule 33;
3. Relief from judgment pursuant to Rule 60(b) and § 2255;
4. Correction of sentence;
5. Termination of supervision.
6. Any further relief deemed just and proper

**Respectfully submitted,**

Dated: April 3, 2026
Chol Hamoed 1, Passover (On the Israel Calendar)

**s/Ari Teman/**
Plaintiff Pro Se / Defendant Pro Se
1521 Alton Road #888
Miami Beach FL 33139
Email: ari@teman.com
Phone: 781-718-3375

Tel Aviv, Israel

---

**CERTIFICATE OF SERVICE**

I, Ari Teman, hereby certify that on this 3 of April, 2026, I caused a true and correct copy of the foregoing motion and all attachments to be served as follows:

1. **Via ECF Filing System**
   I submitted the foregoing documents for filing through the Southern District of New York's Temporary Pro Se Electronic Filing system by emailing the documents to the Pro Se Intake Unit, which will docket the filing and serve all registered ECF participants in this matter.

2. **Via Electronic Mail**
   I also served a copy of the foregoing documents via electronic mail on all counsel of record, including but not limited to:

   Leo.Terrell@usdoj.gov (This case falls under him due to the Rabbis calling this "Passover Theory" "antisemetic")
   Jacob.Guttwillig@usdoj.gov
   Rachel.Kroll@usdoj.gov

Service by email was made contemporaneously with submission to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3 April, 2026
Tel Aviv, Israel

---

**Ari Teman**
Plaintiff Pro Se / Defendant Pro Se

The Court DENIES defendant Ari Teman's *pro se* motion (1) as frivolous and vexatious, and (2) based on the fugitive disentitlement doctrine. *See* Dkts. 569, 575, 578, 581, 586; *United States v. Teman*, No. 24-345, Dkt. 84 (2d Cir. Oct. 30, 2025) (finding Teman a fugitive and dismissing his appeal with prejudice under the fugitive disentitlement doctrine).

SO ORDERED.

Paul A. Engelmayer

Date: April 3, 2026
New York, New York

PAUL A. ENGELMAYER
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

---------------------------------------------------------------------X

Verdict Sheet
S2 19 Cr. 696 (PAE)

*All verdicts must be unanimous. Please indicate your verdict with a check mark (✓).*

**COUNT ONE:**
**Bank Fraud (April 2019 Checks)**

GUILTY ✓ NOT GUILTY________

**COUNT TWO:**
**Bank Fraud (March 2019 Checks)**

GUILTY ✓ NOT GUILTY________

**COUNT THREE:**
**Wire Fraud (April 2019 Checks)**

GUILTY ✓ NOT GUILTY________

**COUNT FOUR:**
**Wire Fraud (March 2019 Checks)**

GUILTY ✓ NOT GUILTY________

After completing the form, each juror must sign below, reflecting his or her agreement with the forgoing verdict.

Foreperson

Dated: 01/29/2020

JURY NOTE 9

CLOSED,ECF,PRIOR

**U.S. District Court**
**Southern District of New York (Foley Square)**
**CRIMINAL DOCKET FOR CASE #: 1:19-cr-00696-PAE-1**

| | |
|---|---|
| Case title: USA v. Teman | Date Filed: 09/26/2019 |
| Related Case: 1:24-cv-08278-PAE<br>Magistrate judge case number: 1:19-mj-05858-UA | Date Terminated: 07/29/2021 |

---

Assigned to: Judge Paul A. Engelmayer

**Defendant (1)**

**Ari Teman**
*TERMINATED: 07/29/2021*
*also known as*
Sealed Defendant 1
*TERMINATED: 07/29/2021*

represented by

**Ari Teman**
Ari Teman
Miami Beach
650 West Ave
1704
Miami beach, Ste 1704
Miami Beach, FL 33139
781-718-3375
Email: ari@teman.com
PRO SE

**Andrew James Frisch**
Andrew J. Frisch
40 Fulton Street
New York, NY 10038
212-285-8000
Fax: 646-304-0352
Email: afrisch@andrewfrisch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Edoardo Maffia**
Linton Robinson & Higgins LLP
39 Broadway
Suite 1701
New York, NY 10006
202-365-2938
Email: edoardomaffiawis@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Pro Bono*

**Joseph Andrew Diruzzo , III**
DiRuzzo & Company
401 E Las Olas Blvd #1400

Fort Lauderdale, FL 33301
954.615.1676
Fax: 954.827.0340
Email: jd@margulisgelfand.com
*TERMINATED: 01/29/2021*
*LEAD ATTORNEY*
*Designation: Retained*

**Karloff Cylton Commissiong**
Adams & Commissiong LLP
65 Broadway
Ste 1603
New York, NY 10006
212-430-6590
Email: karloff@kcommissionglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Eden P. Quainton**
Quainton Law, PLLC
2 Park Ave., 20th Floor
New York, NY 10016
212-419-0575
Email: eden.quainton@quaintonlaw.net
*ATTORNEY TO BE NOTICED*

**Justin Gelfand**
Margulis Gelfand, LLC
7700 Bonhomme Ave.
Suite 750
Saint Louis, MO 63105
314-390-0234
Email: justin@margulisgelfand.com
*TERMINATED: 01/29/2021*
*Designation: Retained*

**Justine Aleta Harris**
Sher Tremonte LLP
90 Broad Street
New York, NY 10004
212-202-2600
Fax: 212-202-4156
Email: jharris@harristrz.com
*TERMINATED: 12/11/2020*
*Designation: Retained*

**Noam Korati Biale**
Sher Tremonte LLP
90 Broad Street
New York, NY 10004
(212)-202-2600
Fax: (212)-202-4156
Email: nbiale@shertremonte.com

*TERMINATED: 12/11/2020*
*Designation: Retained*

**Susan Gail Kellman**
Law Offices of Susan G. Kellman
25 Eighth Avenue
Brooklyn, NY 11217
(718)-783-8200
Fax: (718)-783-8226
Email: sgk@kellmanesq.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas Butler**
Thomas Butler,
P.O. Box 665
Melville, NY 33139
877-847-1896
Email: appellatelaw@bellsouth.net
*TERMINATED: 08/14/2025*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1344A.F BANK FRAUD (1ss-2ss) | IMPRISONMENT: One (1) year and one (1) day on each count, the terms to run concurrently. SUPERVISED RELEASE: Three (3) years on each count, the terms to run concurrently. |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (3ss-4ss) | IMPRISONMENT: One (1) year and one (1) day on each count, the terms to run concurrently. SUPERVISED RELEASE: Three (3) years on each count, the terms to run concurrently. |
| 18:1028A.F FRAUD WITH IDENTIFICATION DOCUMENTS (AGGRAVATED IDENTITY THEFT) (5ss-6ss) | Dismissed |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1344A.F BANK FRAUD (1) | Dismissed |
| 18:1344A.F BANK FRAUD (1s-2s) | Dismissed |
| 18:1028A.F FRAUD WITH IDENTIFICATION DOCUMENTS (AGGRAVATED IDENTITY THEFT) (3s-4s) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18:1344A.F BANK FRAUD | |

---

**Plaintiff**

**USA** represented by **Jacob Harris Gutwillig**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
212-637-2215
Email: jacob.gutwillig@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Edward Arthur Imperatore**
Morrison & Foerster LLP
250 West 55th St
New York, NY 10019
212-468-4320
Email: EImperatore@mofo.com
*TERMINATED: 02/24/2022*
*Designation: Retained*

**Kedar Sanjay Bhatia**
U.S. Attorney's Office, S.D.N.Y. (SA-CR)
One Saint Andrew's Plaza
New York, NY 10007
212-637-2465
Email: kedar.bhatia@usdoj.gov
*TERMINATED: 09/25/2023*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/20/2019 | | SEALED ORAL ORDER as to Sealed Defendant 1. (Signed by Magistrate Judge Sarah Netburn on 6/20/2019)(dif) [1:19-mj-05858-UA] (Entered: 08/21/2019) |
| 06/20/2019 | 1 | COMPLAINT as to Ari Teman (1). In Violation of 18 U.S.C. 1344 and 2 (Signed by Magistrate Judge Sarah Netburn) (dif) [1:19-mj-05858-UA] (Entered: 08/21/2019) |
| 07/03/2019 | | Arrest of Ari Teman in the United States District Court - Southern District of Florida. (dif) [1:19-mj-05858-UA] (Entered: 08/21/2019) |
| 07/23/2019 | 3 | Rule 5(c)(3) Documents Received as to Ari Teman from the United States District Court - Southern District of Florida. (dif) [1:19-mj-05858-UA] (Entered: 08/21/2019) |
| 08/21/2019 | 4 | Order to Unseal Case as to Ari Teman.. (Signed by Magistrate Judge Gabriel W. Gorenstein on 8/21/2019)(dif) [1:19-mj-05858-UA] (Entered: 08/21/2019) |