RIVKIN RADLER LLP
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

477 Madison Avenue
New York, NY 10022-5818
T 212.455.9555 F 212.687.9044

**AMANDA DRANTCH**
(516) 357-3282
amanda.drantch@rivkin.com

September 10, 2026

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Ari Baruch Teman v. MedPro Group Inc., et. al.*
S.D.N.Y. Case No.: 1:26-cv-03517

Dear Judge Liman:

We represent Defendants MedPro Group Inc. ("MedPro"), Somerset Services, LLC d/b/a Attorney Protective i/s/h/a Attorney Protective ("Attorney Protective") and Scott Patrick ("Patrick") (collectively the "MedPro Defendants") in the above referenced matter. We respectfully submit this letter in opposition to Plaintiff Ari Baruch Teman's ("Plaintiff" or "Teman") "Letter-Motion for Issuance of Summonses on the Docket, a 45-Day Extension of Time to Serve, and Related Relief as to Defendants The Flood Law Firm, LLC and Jason T. Prueher" – at least to the extent that the requested relief pertains to the MedPro Defendants. *See* ECF No. 75.

Specifically, Teman asks this Court to direct Attorney Protective "to state whether it has received notice of the claims asserted against Mr. Prueher in this action and whether any policy it issued may provide him coverage or a defense with respect to those claims." *See* ECF No. 75, pg. 1. Essentially, Teman is asking the Court to direct Attorney Protective to respond to an interrogatory. This, despite the fact that the Court has stayed discovery in this action pending the disposition of Defendants' motions to dismiss. *See* ECF No. 34. The MedPro Defendants should not be required to respond to Teman's discovery requests while discovery in this action is stayed.

This is not the first time that Teman has attempted to circumvent a court-ordered stay of discovery. For instance, in the Related Action entitled *Ari Baruch Teman v. Zeldes Needle Cooper, et. al*, Case No. 1:24-cv-09830-LJL ("Related Action"), this Court stayed discovery. *See* Related Action, ECF No. 55. Despite the stay, Teman filed a letter motion to compel production of his client file. *See* Related Action, ECF No. 60. The Court denied Plaintiff's letter motion and stated "Plaintiff cannot circumvent the stay on discovery in this matter by requesting the Court's

intervention in obtaining his client file." *See* Related Action, ECF No. 70, pg. 4. The same reasoning should be applied here, and Plaintiff's Letter-Motion should be denied.

In this context, the MedPro Defendants note that Teman's repeated attempts to circumvent stays of discovery is of a piece with his extensive recent history of frivolous and vexatious litigation conduct, which is summarized in the MedPro Defendants' motion to dismiss. *See* ECF No. 60, p. 12. It seems clear that Teman is unable or unwilling to conform his litigation conduct to the Court's orders, which underscores the prejudice that the MedPro Defendants will face in this action as the result of Teman's fugitive status.

In any case, Teman provides no good cause to lift the stay of discovery as to the MedPro Defendants and require them to respond to his interrogatory. He contends that he needs to know whether Attorney Protective insures Mr. Prueher because – supposedly – it "will clarify whether appointed counsel is forthcoming or whether Plaintiff should proceed immediately to personal service." However, Teman's request for confirmation of a speculative insurance relationship, for the sole purpose of identifying a hypothetical future defense attorney who might potentially agree to waive service, is not discovery that is actually relevant to any claim or defense in this case.

Accordingly, Teman's motion should be denied.

Respectfully submitted,

RIVKIN RADLER LLP

*Amanda B. Drantch*
Amanda B. Drantch

4897-6613-1663, v. 1