**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARI BARUCH TEMAN,<br><br>Plaintiff,<br><br>-against-<br><br>MEDPRO GROUP INC.; SOMERSET SERVICES LLC d/b/a ATTORNEY PROTECTIVE; SCOTT PATRICK; ZELD NEEDLE & COOPER, P.C.; JEREMY VIR MAXIMINO MEDINA, JR.; ROBERT S. COOPER; JASON T. PRUEHER; THE FL LAW FIRM, LLC; LEWIS BRISBOIS BISGAARD & SMITH LLP; CRISTINA YANNUCCI; SAMUEL COHEN; DANAH LAGNESE, P.C.; and SILVER HILL HOSPITAL, INC.,<br><br>Defendants. | Case No. 1:26-cv-03517-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SILVER HILL HOSPITAL, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

**LYDECKER**
200 Broadhollow Road, Suite 207
Melville, NY 11747
631-260-1110
*Attorneys for Silver Hill Hospital, Inc.*

OF COUNSEL
**Michael Poreda, Esq.**
**Robert Pariser, Esq.**
**Mark Loevinger, Esq.**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................1

STATEMENT OF FACTS ....................3

PROCEDURAL BACKGROUND ....................5

LEGAL STANDARD ....................5

CHOICE OF LAW....................7

ARGUMENT ....................8

I. PLAINTIFF'S CLAIMS AGAINST SILVER HIIL ARE BARRED BY THE DOCTRINE OF LACHES. ....................8

II. PLAINTIFF FAILS TO PLEAD FRAUD AGAINST SILVER HILL WITH PARTICULARITY. ....................11

III. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR DURESS AGAINST SILVER HILL. ....................12

IV. THE SETTLEMENT WAS NOT UNCONSCIONABLE ....................15

CONCLUSION ....................16

## TABLE OF AUTHORITIES

*Abrams v. Dixon*, 480 F.3d 636 (2d Cir. 2007) ....................7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................5,6

*Bader v. Wells Fargo Home Mortg. Inc.*, 773 F. Supp. 2d 397 (S.D.N.Y. 2011) ....................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................5,6

*Brennan v. Bally Total Fitness*, 153 F. Supp. 2d 408 (S.D.N.Y. 2001) .................... 15

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ....................6

*Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315 (S.D.N.Y. 2012) ....................6

*Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187 (2d Cir. 1996)....................10

*Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) ....................7

*Cucchiaro v. Cucchiaro*, 165 Misc. 2d 134, 627 N.Y.S.2d 224 (Sup. Ct. 1995) ....................8

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010) ....................6

*Evans v. Waldorf-Astoria Corp.*, 827 F. Supp. 911 (E.D.N.Y. 1993), aff'd, 33 F.3d 49 (2d Cir. 1994) ....................13

*Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424 (2d Cir. 2012) ....................7

*Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 534 N.E.2d 824 (1988) ....................15

*Groesbeck v. Morgan*, 206 N.Y. 385, 99 N.E. 1046 (1912) ....................8

*Grullon v. Delta Air Lines, Inc.*, 2021 WL 6116784 (2d Cir. Dec. 27, 2021) ....................13

*Ikelionwu v. United States*, 150 F.3d 233 (2d Cir. 1998) ....................8

*Interpharm, Inc. v. Wells Fargo Bank, N.A.*, 655 F.3d 136 (2d Cir. 2011) ....................12

*Jones v. Mercedes-Benz, Manhattan, Inc.*, No. 1:19-CV-00472 (ALC), 2020 WL 1445728 (S.D.N.Y. Mar. 25, 2020) ....................6

*Kamerman v. Steinberg*, 891 F.2d 424 (2d Cir. 1989) ....................12

*Lennon v. Seaman*, 63 F. Supp. 2d 428 (S.D.N.Y. 1999) ....................9

*Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27 (2011) ....................6

*Nasik Breeding & Rsch. Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514 (S.D.N.Y. 2001)...12,14

*Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005)……………………………….....6

*Oquendo v. CCC Terek*, 111 F. Supp. 3d 389 (S.D.N.Y. 2015) ………………………………...14

*Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103 (2d Cir. 2009) .......................................11

*Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216 (2d Cir. 2017) ...........................................10

*Republic of Turkey v. Christie's Inc.*, 62 F.4th 64 (2d Cir. 2023) ................................................9

*Republic of Turkey v. Christie's, Inc.*, No. 17-CV-3086 (AJN), 2021 WL 4060357 (S.D.N.Y. Sept. 7, 2021) ......................................................................................................................10,11

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) ........................................................................11

*Scotts Co., LLC v. Ace Indem. Ins. Co.*, 51 A.D.3d 445, 858 N.Y.S.2d 121 (2008) ..............15,16

*Seligson v. Weiss*, 222 A.D. 634, 227 N.Y.S. 338 (1st Dep't 1928) ……...................................... 8

*Sledge v. Kooi*, 564 F.3d 105 (2d Cir. 2009) .................................................................................7

*Sultan v. Connery*, 199 A.D.3d 596, 157 N.Y.S.3d 430 (2021) .................................................16

*Teman v. Zeldes Needle Cooper LLP*, No. 24-CV-09830 (LJL), 2025 WL 3778680 (S.D.N.Y. Dec. 31, 2025) ............................................................................................................................7

*Thea v. Kleinhandler*, 807 F.3d 492 (2d Cir. 2015) .....................................................................7

*Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010) .........................................................................7

*VKK Corp. v. Nat'l Football League*, 244 F.3d 114 (2d Cir. 2001) ............................................13

*Wee Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683 (S.D.N.Y. 2007) ...............................7

## PRELIMINARY STATEMENT

Defendant Silver Hill Hospital, Inc. ("Silver Hill") respectfully submits this memorandum of law in support of its motion, under Federal Rule of Civil Procedure 12(b)(6), to dismiss with prejudice the two counts of the First Amended Complaint (the "Amended Complaint") asserted against it — Count V and Count VI.

This case is an attempt to unwind a 2017 settlement (hereinafter "the 2017 Settlement") nearly nine years after it was signed. In 2012, Plaintiff Ari Teman ("Plaintiff") was treated at Silver Hill, a Connecticut psychiatric hospital, and left an unpaid balance. In 2014, Silver Hill sued to collect that debt in Connecticut Superior Court (the "Fee Action"). Plaintiff, represented by Zeldes, Needle & Cooper, P.C. ("ZNC"), asserted counterclaims. On October 11, 2017 — the scheduled trial date — Plaintiff and Silver Hill settled: Silver Hill paid Plaintiff $40,000 and forgave his debt, and Plaintiff gave a general release. Plaintiff signed the release, acknowledged in writing that he had "carefully read" it and signed it "as [his] own free act," and accepted its benefits.

Plaintiff kept those benefits for nearly nine years without complaint. He did not mention fraud, duress, or unconscionability when he filed his original Complaint in this action on April 27, 2026. Only after Silver Hill's co-defendant invoked the 2017 Settlement as a bar did Plaintiff amend to add the two counts at issue: Count V, alleging that Silver Hill procured the settlement "through fraud, duress, and unconscionable means," and Count VI, seeking rescission of the release and a declaration that it is voidable.

Both counts fail as a matter of law, for four independent reasons.

**First, the claims are barred by the doctrine of laches.** Although Plaintiff's allegations against Silver Hill spread across two counts of the Amended Complaint and cite three legal

theories, the timeliness of Silver Hill's action is assessed as one equitable cause of action. Equitable causes of action are subject to dismissal where the delay in filing the lawsuit is inexcusable and prejudicial to the defendant, which clearly is the case here.

**Second, the Plaintiff does not plead a cause of action for fraud**. The allegations against Silver Hill have nothing to do with misrepresentation or material omission, and therefore, this theory would not be a basis to rescind the 2017 Settlement.

**Third, the Plaintiff has not pleaded a claim of duress against Silver Hill**. Duress requires a threat that deprives a plaintiff of a free choice. There is no allegation of any threat against any party, much less against Silver Hill. The Plaintiff also makes admissions about negotiating drafts of the 2017 Settlement that show he was not deprived of free will. Additionally, Silver Hill was not the party who is alleged to have engaged in the behavior that Plaintiff alleges deprived him of his free will. And finally, the Plaintiff's failure to timely repudiate the allegedly invalid contract deprives him of the right to now claim that the 2017 Settlement is voidable.

**Fourth**, **the 2017 Settlement was not unconscionable.** Unconscionability, like duress or fraud, is a theory that requires the Plaintiff to show that he had absence of meaningful choice when he signed the 2017 Settlement. Such an allegation is not plausible. The 2017 Settlement was negotiated at arms length by two sets of opposing attorneys and contains terms that are fair and reasonable. Plaintiff's debts were forgiven, and he was given $40,000 to compensate him for the unspecified damages Silver Hill had allegedly caused him. The Amended Complaint contains no details explaining why such a final resolution of his disputes with Silver Hill were unacceptable.

## STATEMENT OF FACTS

Silver Hill is a Connecticut corporation that operates a psychiatric hospital in New Canaan, Connecticut. (**Exhibit A**, AMENDED COMPLAINT at 10). Plaintiff was admitted for treatment in 2012 and left an unpaid balance. (*See* **Exhibit B**, 2017 SETTLEMENT at 2). In 2014, Silver Hill — represented by Danaher Lagnese, P.C. ("Danaher") and Mark Sank & Associates, LLC — commenced the Fee Action against Plaintiff in Connecticut Superior Court, No. FST-CV-14-6022274-S, to recover the unpaid charges. (AMENDED COMPLAINT at 11) Plaintiff, represented by ZNC, answered and asserted counterclaims. (AMENDED COMPLAINT at 10). Trial was scheduled to begin October 11, 2017. (AMENDED COMPLAINT at 15).

Plaintiff's lead trial counsel, Jason Prueher, left ZNC on or about September 18, 2017. (AMENDED COMPLAINT at 16). Plaintiff alleges he learned of the departure by an auto-responder on October 6, 2017 and that evening emailed thirteen ZNC partners. (AMENDED COMPLAINT at 17). On October 8, 2017, ZNC prepared a letter, a motion to withdraw its appearance, and a motion for a continuance. (AMENDED COMPLAINT at 17). Plaintiff alleges that, on the night before trial, his own attorneys — Virgil and Medina of ZNC — kept him at the firm's offices overnight, controlled his transportation, did not permit him to return home, had him sleep on the floor, and presented him with the choice of settling or proceeding to trial. (AMENDED COMPLAINT at 18). Every one of those acts is attributed to Plaintiff's own counsel.

On October 11, 2017, Plaintiff and Silver Hill entered into a written "Settlement" (the "2017 Settlement"). The Settlement is attached hereto. In exchange for $40,000 Plaintiff released Silver Hill and related parties from all claims. (SETTLEMENT at 1). Silver Hill, in

turn, "release[d], discharge[d], and extinguishe[d]" its debt claim against Plaintiff in the Fee Action. (SETTLEMENT at 2). The parties agreed to dismiss the Fee Action with prejudice. (SETTLEMENT at 3). Plaintiff alleges he received a $25,000 check from the proceeds. (AMENDED COMPLAINT at 20).

The Settlement recites that "[n]o promise or inducement which is not herein expressed has been made to Teman," and that in signing "he does not rely upon any statement or representation made by any person, firm or corporation, hereby released." (SETTLEMENT at 2; SETTLEMENT at 3). Plaintiff further represented that he "has carefully read the foregoing release and know[s] the contents thereof, and sign[s] the same as [his] own free act." (SETTLEMENT at 7). Above his signature, the Settlement states in capital letters that the parties "HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE IN ITS ENTIRETY," "HAVE CONFERRED WITH THEIR OWN ATTORNEYS CONCERNING THE MEANING AND EFFECT" of it, and that its terms "ARE FULLY UNDERSTOOD AND ACCEPTED." (SETTLEMENT at 8). Plaintiff signed at Stamford, Connecticut; Silver Hill signed through its Director of Risk Management. (SETTLEMENT at 8- 9).

Plaintiff alleges that, during negotiations, Silver Hill's side circulated draft language barring him and his attorneys from volunteering information to the Connecticut Department of Public Health. (AMENDED COMPLAINT at 19). Plaintiff concedes he rejected that language and that it does not appear in the executed Settlement, which instead permits disclosure "except as required by law." (AMENDED COMPLAINT at 19; SETTLEMENT at 3).

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on April 27, 2026, asserting eleven causes of action against numerous defendants. This Original Complaint named Silver Hill as a Defendant but had no factual allegations about anything Silver Hill had done. After initial motions to dismiss were filed, Plaintiff filed the Amended Complaint on July 20, 2026, withdrawing several claims and adding others. (AMENDED COMPLAINT at 1).

As against Silver Hill, the Amended Complaint pleads only two counts, both directed at the 2017 Settlement. Count V alleges that "Silver Hill . . . procured the October 11, 2017 settlement and the general release it contains through fraud, duress, and unconscionable means." (AMENDED COMPLAINT at 55). Count VI seeks rescission and a declaratory judgment that the release "is voidable." (AMENDED COMPLAINT at 57). Silver Hill is named in no other count of the Amended Complaint.

Plaintiff alleges that materials from his former attorneys' client file, produced on July 8, 2026 and reviewed on or about July 13, 2026, "supplied the basis for this challenge," and that his claim is timely because the limitations period restarted upon that review. (AMENDED COMPLAINT at 56-57). He does not elaborate as to what he read in this file that reset the statute of limitations, except that it leads to the inference that Silver Hill was aware of how his attorneys were mistreating him at the time of the settlement.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to avoid dismissal, a complaint must offer more

than "labels and conclusions." *Twombly*, 550 U.S. at 555. "A formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Id.* at 557. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, *supra*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *accord Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

When adjudicating a motion to dismiss under Rule 12(b)(6), a court may consider facts stated in the complaint, any documents attached to the complaint, and any documents incorporated by reference into the complaint. *Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315, 318 (S.D.N.Y. 2012); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Here, the Settlement Agreement should be considered "integral" to the Complaint. Contracts are frequently considered as integral in cases that spring from the terms of the contract itself. *See, e.g.*, *Bader v. Wells Fargo Home Mortg. Inc.*, 773 F. Supp. 2d 397, 405 (S.D.N.Y. 2011); *Jones v. Mercedes-Benz, Manhattan, Inc.*, No. 1:19-CV-00472 (ALC), 2020 WL 1445728, at *1 (S.D.N.Y. Mar. 25, 2020).

As this court noted in one of Teman's many prior litigations in this district:

> The court construes *pro se* pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest. *See Abrams v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d. Cir. 2000). However, while the court construes *pro se* pleadings liberally, *pro se* plaintiffs are not relieved of the requirement that they plead enough facts so that their claims are plausible. *See Wee Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007) ("[*P*]*ro se* status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure."). And, **in this case, Plaintiff is entitled to somewhat lesser solicitude because of his extensive experience with and schooling in the law**.[1] *See Sledge v. Kooi,* 564 F.3d 105, 109–10– (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements); *Tracy v. Freshwater*, 623 F.3d 90, 92–93 (2d Cir. 2010) (noting that a limited withdrawal of solicitude may have been warranted where plaintiff had "participated in at least ten previous federal and state actions").

*Teman v. Zeldes Needle Cooper LLP*, No. 24-CV-09830 (LJL), 2025 WL 3778680, at *3–4 (S.D.N.Y. Dec. 31, 2025).

## CHOICE OF LAW

Plaintiff invokes Diversity Jurisdiction under 28 U.S.C. § 1332. A federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state. *Forest Park Pictures v. Universal Television Network, Inc*., 683 F.3d 424, 433 (2d Cir. 2012). Because the Southern District of New York is in the State of New York, the laws of New York therefore apply. *See* F*orest Park Pictures v. Universal Television Network, Inc*., 683 F.3d 424, 433 (2d Cir. 2012) (saying that A federal court sitting in diversity

[1] "In his own words, Plaintiff "remains fully active in the federal courts, filing motions, appeals, and other papers in the Southern District of New York, the Southern District of Florida, and their respective Courts of Appeals." Dkt. No. 28 at 1–2; *see also Teman v. Soleimani*, No. 25-cv-8823 (S.D.N.Y. Oct. 25, 2025); *Teman v. Marmur*, No. 25-cv-8220 (S.D.N.Y. Oct. 3, 2025); *Teman v. U.S. Prob. Serv.*, No. 25-1895 (2d Cir. Aug. 5, 2025); *Teman v. United States*, No. 25-12659 (11th Cir. Aug. 4, 2025); *Teman v. United States*, No. 25-cv-5424 (S.D.N.Y. June 30, 2025); *Teman v. Biale*, No. 25-cv-5454 (S.D.N.Y. June 28, 2025); *Teman v. United States,* No. 25-cv-22543 (S.D. Fla. June 5, 2025); *Teman v. U.S. Prob. Serv*, No. 25-cv-4699 (S.D.N.Y. June 1, 2025); *Teman v. United States*, No. 24-cv-8278 (S.D.N.Y. Oct. 31, 2024); *Teman v. City of Miami Beach*, No. 23-cv-21361 (S.D. Fla. Apr. 11, 2023); *Teman v. Does 1-10*, No. 23-cv-1296 (S.D.N.Y. Feb. 13, 2023)." *Teman v. Zeldes Needle Cooper LLP*, No. 24-CV-09830 (LJL), 2025 WL 3778680, at *4 n.5 (S.D.N.Y. Dec. 31, 2025).

jurisdiction applies the choice of law rules of the forum state.); *see also Thea v. Kleinhandle*r, 807 F.3d 492, 497 (2d Cir. 2015). Additionally, the Plaintiff consented to the forum when he elected to file his Complaint and Amended Complaint in New York. Therefore, the Laws of the State of New York control.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST SILVER HIIL ARE BARRED BY THE DOCTRINE OF LACHES.

Counts V and VI, the only counts against Silver Hill Hospital, are essentially one cause of action seeking recission of a contract he claims was not forged based on a meeting of the minds. Such a claim is equitable in nature, and therefore, not subject to a particular statute or limitations, but to defeat on the equitable doctrine of laches.

Plaintiff states in Count V, "[the] relief sought against Danaher [and Silver Hill] under this Count and Count VI [are] confined to declaratory and rescission-related relief and costs, not damages." (AMENDED COMPLAINT at 129). He alleges in Count V that the contact is void on theories of fraud, duress, and unconscionable conduct, and in Count VI he specifies that the relief sought is recission.

Rescission is a creature of equity, and the timeliness of an equitable claim is measured by the equitable doctrine of laches. *Cucchiaro v. Cucchiaro*, 165 Misc. 2d 134, 143, 627 N.Y.S.2d 224, 231 (Sup. Ct. 1995) (citing *Groesbeck v. Morgan,* 206 N.Y. 385, 99 N.E. 1046 (1912); *Seligson v. Weiss,* 222 A.D. 634, 227 N.Y.S. 338 (1st Dept.1928)). Under New York and Second Circuit law, laches bars a plaintiff who is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant. *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir. 1998). Plaintiff's nine-year delay

— unexplained on the face of the Complaint and necessarily prejudicial to Defendant — bars the relief Plaintiff seeks.

To establish laches, a defendant must show that (1) the plaintiff knew or should have known of the defendant's conduct; (2) the plaintiff inexcusably delayed in taking action; and (3) the defendant was prejudiced by the delay. *Republic of Turkey v. Christie's Inc.*, 62 F.4th 64, 71 (2d Cir. 2023). Although laches is ordinarily an affirmative defense, a court may dismiss a claim on laches at the pleading stage when the defense is clear on the face of the complaint, and it is clear that the plaintiff can prove no set of facts to avoid the bar. *Lennon v. Seaman*, 63 F. Supp. 2d 428, 439 (S.D.N.Y. 1999). Here, each element is satisfied on the face of the Complaint.

First, Plaintiff's nine-year delay is not excusable. Plaintiff waited nine years after the contract's formation to seek its undoing. A party asserting duress at the inception of a contract is, by definition, complaining of conduct known or knowable at the time of contracting; Plaintiff therefore knew or should have known of this claim from the outset. A plaintiff's failure to assert a claim it should have been aware of is precisely the unreasonable delay the doctrine condemns. *See Republic of Turkey v. Christie's Inc.*, 62 F.4th 64, 72 (2d Cir. 2023). Nine years of silence before demanding that the transaction be unwound is unreasonable and inexcusable.

Although Plaintiff says he saw unspecified material in July 2026 that suddenly alerted him to Silver Hill's knowledge of his vulnerabilities at the time the 2017 Contract was signed, this allegation is not plausible. Laches bars lawsuits where a Plaintiff *should* have known of the facts giving rise to the cause of action, not that the Plaintiff *actually* knew. *Republic of Turkey v. Christie's Inc.*, 62 F.4th 64, 72 (2d Cir. 2023). Plaintiff

alleges that the circumstances which eroded his free will in entering the 2017 Settlement were things he was aware were happening at the time – his attorneys moving to be relieved off counsel, his being deprived of sleep, and being told he had to either settle or go to trial by his attorneys. (AMENDED COMPLAINT at 56). Silver Hill's knowledge of Plaintiff's distress at the hands of his attorneys has no bearing on the issue of Plaintiff's internal state of mind in October 2017, and it is Plaintiff's knowledge of his own state of mind in October 2017 that gives rise to this action for recission. Thus plaintiff *should* have known– and in fact *actually did* know – of this cause of action in October 2017.

Defendant is also unduly prejudiced by the assertion of a long-available claim, with such claim being inequitable in light of the delay. *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 192 (2d Cir. 1996). Prejudice from delay includes things like decreased ability to defend on account of the death or unavailability of witnesses, fading memories, and stale or lost evidence. *Republic of Turkey v. Christie's, Inc.*, No. 17-CV-3086 (AJN), 2021 WL 4060357 (S.D.N.Y. Sept. 7, 2021). Here, prejudice is inherent in the relief Plaintiff seeks. Rescission would require restoring both parties to their pre-contract positions, a remedy available only where the status quo may be substantially restored. *Pyskaty v. Wide World of Cars*, LLC, 856 F.3d 216 (2d Cir. 2017). After nine years of performance, reliance, and changed circumstances, that unwinding cannot be accomplished without substantial prejudice to Defendant, who has ordered its affairs around a contract it was entitled to treat as settled. The passage of nine years also erodes the very proof on which the parties would litigate the alleged fraud, duress, and unconscionability — memories fade, witnesses become unavailable, and documents are

lost. That is the change of position and evidentiary prejudice the doctrine guards against. *Republic of Turkey v. Christie's, Inc.*, No. 17-CV-3086 (AJN), 2021 WL 4060357 (S.D.N.Y. Sept. 7, 2021).

## II. PLAINTIFF FAILS TO PLEAD FRAUD AGAINST SILVER HILL WITH PARTICULARITY.

Count V's fraud theory fails because Plaintiff does not plead with particularity – or even at all — that Silver Hill made any actionable misrepresentation or material omission. The elements of fraud are "[1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on the misrepresentation or material omission, and [4] injury." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009). Rule 9(b) requires that the misrepresentation be pleaded with particularity — the "who, what, when, where, and why" — and that the complaint allege facts giving rise to "a strong inference that the defendant acted with the required state of mind." *Rombach v. Chang*, 355 F.3d 164, 176 (2d Cir. 2004). Plaintiff neither pleads all the essential elements, nor with the particularly required.

Principally, the Amended Complaint identifies no false statement made by Silver Hill made to Plaintiff, nor any material omission. The crux of Plaintiff's claim is that Silver Hill knew Plaintiff was very stressed by his own counsel's behavior when he agreed to the Settlement. That is not fraud.

The core of any fraud claim is a defendant's communications with a plaintiff. Here, by contrast, the complained-of behavior with respect to Silver Hill is not a matter of Silver Hill's communicating with the Plaintiff. It is a matter of Silver Hill's knowledge of Plaintiff's mental

state at the time he entered into the Settlement. The claim of fraud is, therefore, completely implausible on the facts alleged and must be dismissed.

## III. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR DURESS AGAINST SILVER HILL.

Even if the duress theory were timely, Silver Hill could not be found liable for duress for four reasons. First, no threat is alleged. Second, the party that is alleged, in conclusory manner, to have made the threat, was not Silver Hill. Third, Plaintiff's allegations show that he had the capacity to make choices with respect to the Settlement. Fourth, Plaintiff failed to repudiate the contract.

A party seeking to avoid a contract for duress must show that the agreement was secured by (1) a threat, (2) which was unlawfully made, and (3) caused involuntary acceptance of contract terms, (4) because the circumstances permitted no other alternative. *Kamerman v. Steinberg*, 891 F.2d 424, 431 (2d Cir. 1989). More recently, the Second Circuit distilled the cause of action down to two elements: (1) a wrongful threat that (2) precluded the exercise of its free will. *Interpharm, Inc. v. Wells Fargo Bank, N.A.*, 655 F.3d 136, 142 (2d Cir. 2011). The party asserting duress "shoulders a heavy burden." *Nasik Breeding & Rsch. Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514 (S.D.N.Y. 2001).

Plaintiff cannot meet the first element because he alleges no wrongful threat at all, least of all by Silver Hill. Plaintiff alleges that, on the night before trial, his own attorneys — Virgil and Medina of ZNC — kept him at the firm's offices overnight, controlled his transportation, did not permit him to return home, had him sleep on the floor, and presented him with the choice of settling or proceeding to trial. (AMENDED COMPLAINT at 18). None of these allegations amount to wrongful threats. Even the allegation most resembling a threat, offering Plaintiff the

choice of settling or proceeding to trial, are not wrongful threats – they are precisely the two avenues any litigant has when faced with a trial date.

Plaintiff also has pleaded facts that prove he did have free will. Specifically, Plaintiff alleges that he helped shape some of the terms of the Settlement. He points to draft language that would have barred him from reporting to the Connecticut Department of Public Health (AMENDED COMPLANT at 128) that was ultimately removed. A term that was proposed, refused, and left out of the agreement, demonstrates that Plaintiff had leverage and free will to seek alternatives.

Moreover, the inappropriate behavior that Plaintiff characterizes as "threats" in this case were made by his own attorneys, not by Silver Hill. "Duress by other than the opposing party to a contract cannot constitute compulsion sufficient to void the contract." *Evans v. Waldorf–Astoria Corp.,* 827 F.Supp. 911, 914 (E.D.N.Y.1993) *aff'd,* 33 F.3d 49 (2d Cir. 1994).

Plaintiff's duress theory independently fails because, even if it is true that the Settlement was procured involuntarily, he ratified the Settlement when he enjoyed the benefits of the settlement which he negotiated through competent counsel for almost nine years before filing this Amended Complaint. Under New York law, a person claiming that a contract or release is voidable for duress, must promptly act to repudiate the contract or release, or he will be deemed to have waived the right. *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 122 (2d Cir. 2001) *see also Grullon v. Delta Air Lines, Inc.*, 2021 WL 6116784, at *3 (2d Cir. Dec. 27, 2021). If the releasing party does not promptly repudiate the contract or release, he will be deemed to have ratified it. *VKK Corp., supra*, 244 F.3dat 123. A party may ratify a contract or release entered into under duress by intentionally accepting benefits under the contract, by remaining silent or acquiescing in

the contract for a period of time after he has the opportunity to avoid it, or by acting upon it, performing under it, or affirmatively acknowledging it. *Ibid.* The Circuit Court in *Grullon*, *supra,* said that repudiation after ten months was untimely. In *VKK Corp*. *supra*, a delay as short as six months constituted forfeiture.

It should be noted that Plaintiff omitted these causes of action against Silver Hill in his original complaint. Plaintiff now attempts to paint the picture that because he just learned that Silver Hill was knowledgeable of the stress he was under when agreeing to the 2017 Settlement, the cause of action for duress was tolled. This is not plausible because Plaintiff knew about the duress at the time he entered into the 2017 Settlement, and his knowledge about Silver Hill's knowledge of his mental state is not material to his knowledge about the voidableness of the 2017 Settlement.

Plaintiff's duress theory also fails for the independent reason that he ratified the 2017 Settlement long ago. A contract or release induced by duress is voidable, not void; consequently, "the person claiming duress must act promptly to repudiate the contract or release or he will be deemed to have waived his right to do so," and "[i]f the releasing party does not promptly repudiate ... he will be deemed to have ratified it." *Nasik Breeding & Rsch. Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514 (S.D.N.Y. 2001). A party ratifies "by intentionally accepting benefits under the contract, by remaining silent or acquiescing in the contract for a period of time after he has the opportunity to avoid it, or by acting upon it, performing under it, or affirmatively acknowledging it." *Oquendo v. CCC Terek*, 111 F. Supp. 3d 389, 410 (S.D.N.Y. 2015). The burden "increases proportionately with the delay in initiating suit or otherwise repudiating the contract." *Ibid.* In this case, Plaintiff ratified the contract by accepting the $40,000 and forgiveness of debt. He essentially prevailed in the lawsuit via the 2017 Settlement. Waiting

nine years to decide that he actually should have gotten much more demonstrates ratification of the contract.

## IV. THE SETTLEMENT WAS NOT UNCONSCIONABLE.

Plaintiff's unconscionability theory fails as a matter of law on the substance as well. "A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made — i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 534 N.E.2d 824 (1988). Both elements are generally required, and only in "exceptional" cases will a term be so "outrageous" as to be void on substantive grounds alone. *Gillman v. Chase Manhattan Bank*, *N.A.*, 73 N.Y.2d 1, 534 N.E.2d 824 (1988*); Brennan v. Bally Total Fitness*, 153 F. Supp. 2d 408 (S.D.N.Y. 2001). Plaintiff establishes neither element.

The procedural inquiry examines the formation process — a commercial setting, the use of high-pressure or deceptive tactics, the experience of the party claiming unconscionability, and any disparity in bargaining power. *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 534 N.E.2d 824 (1988). None of these elements exist. This was not a commercial context. Plaintiff was represented by his own attorneys, negotiated at arm's length, proposed and rejected terms, and signed a release acknowledging that he had read it, understood it, and conferred with counsel about its meaning and effect – all of which Plaintiff admits. Where "sophisticated" parties negotiate a settlement through counsel, with no deceptive or high-pressure tactics and no disparity in bargaining power, "the claim of procedural unconscionability fails as a matter of law." *Scotts Co., LLC v. Ace Indem. Ins. Co.*, 51 A.D.3d 445, 858 N.Y.S.2d 121 (2008). A

counseled, arms-length settlement is not procedurally unconscionable. *Sultan v. Connery*, 199 A.D.3d 596, 157 N.Y.S.3d 430 (2021).

Plaintiff also identifies no term of the executed Settlement that is unreasonable. The agreement provided him $40,000 and a release of his debt in exchange for a general release — an ordinary settlement exchange. (SETTLEMENT at 1; SETTLEMENT at 2). Even a large disparity between a claim's asserted value and the settlement consideration "is not of itself of sufficient magnitude to support a finding of ... substantive unconscionability." *Sultan v. Connery*, 199 A.D.3d 596, 157 N.Y.S.3d 430 (2021); *Scotts Co., LLC v. Ace Indem. Ins. Co.*, 51 A.D.3d 445, 858 N.Y.S.2d 121 (2008). Because Plaintiff cannot show procedural unconscionability, the Court need not reach the substance; and the substance provides no basis in any event. The claim fails.

## CONCLUSION

For the foregoing reasons, Silver Hill Hospital, Inc. respectfully requests that the Court dismiss Counts V and VI of the Amended Complaint — the only counts asserted against Silver Hill — with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: Melville, New York
September 21, 2026

Respectfully submitted,

**LYDECKER**



____________________________
MICHAEL POREDA, ESQ.
ROBERT PARISER, ESQ.
MARK LOEVINGER, ESQ.
*Attorneys for Defendant*
*Silver Hill Hospital, Inc.*